UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

ELIZABETH A. MARCZESKI,    : CIV. NO. 3:02CV00894 (GLG)   3 26 PM '03
   Plaintiff,

U.S. DISTRICT COURT
NEW HAVEN, CONN.

   v.

RICHARD BROWN, ET.AL.    : DECEMBER 3, 2003
   Defendants.

MEMORANDUM OF DEFENDANTS REQUEST FOR RELEASE OF
MEDICAL REPORT FROM CVH

1. I object to the Defendants request for asking me to release medical information while I was incarcerated at CVH (Connecticut Valley Hospital). Exhibit 'A'.

2. In referencing Exhibit 'B', it clearly shows how I was falsely incarcerated and railroaded by the defendants who were seeking cause to have me put in a mental institution. I was suing Diana Law in this Court for fraud and harassment, at which time, Law faxed Exhibit 'B' to both the prosecutor and to Dittman to use against me. Both parties misconstrued, misinterpreted the document to find cause to have me incarcerated in a mental institution. Afterall, it was Law who convinced the defendants that I was mentally ill by submitting "cut and paste" e-mail that did not match mine.

3. In finally being sent to CVH, I was put in a "restoration unit" as I asked to have a trial. In court documents based on the recommendation of Your Honor (which the defendants construed and let Judge Handy believe that Exhibit 'B' meant I was incompetent), the defendants facilitated in getting me incarcerated by misconduct and fraud. A restoration unit is not considered a mental institution but a unit to see but may be incompetent about myself as I asked for a trial that I was denied by Judge

1

Handy. It also helps those understand the charges that were against me that I already new, how to pleas, and how to assist my attorney. I knew all these things, but it did not matter in the eyes of the police who maliously had me falsely incarcerated and rather "warehoused". I was told upon entering CVH that I was competent but had to stay until my assigned monitor returned from his vacation from India which was 5 weeks. Thus, CVH also needed that $600 plus per day from the Federal gov't to pay for my incarceration which is fraud and regards the other civil matter in the Honorable Judge Nevas's Court and Fitzsimmons.

4. I was in a 'restoration unit' (in accordance to Superior Court documents) where I was sent to CVH to find out and/or what may be incompetent about me in order to stand trial. The restoration unit is not a mental institution. I was not evaluated for any psychiatric, psychological, psychosocial history or assessment at CVH. I was merely 'warehoused' for 52 days.

5. Upon my release at CVH, I was referred to the Dept. of Mental Health and Addiction. I did not need to go there, but continued for 3 years. During that time, I was evaluated by Dr. Pincay and Social Worker Carol Richards. I was told I was normal other than suffering from PTSD due to the actions of the defendants.

6. The defendants are crossing the line, in that this subject matter refers to Civil Case 3:01CV01437 (AHN)(HBF). I may consolidate since the defendants have put me on a National Registry for mental illness because of the corruptness and fraudulent misconduct to have me falsely incarcerated at CVH. The defendants facilitated in having me incarcerated there based on untruths of Diana Law to the

2

defendants

7. I also ask the defendants and the Court to refer back to my submission of document dated Sept 21, 2002. In the Exhibits, it is clear that Diana Law was making it a point to the Court at that time that I was mentally ill and by doing so, Law mailed the same documents to Dittman. In quoting Diana Law, she states "I will use anything in both Courts (Federal and Superior) to use against me". And Diana did just that. The police in being incompetent, misread, misinterpreted the document "B' which lead to me to being falsely incarcerated.

8. The police have no medical degree but merely based the mental disorder on what Diana Law gave them which was misconstrued. The acts were vengeful, cruel, calculated, intentional and allowed the defendants to further victimize me by their misconduct.

9. I would be more than happy to sign the release if ordered by the Court, otherwise I choose not sign at this time.

10. I am defending this claim that the defendants slandered and libeled me and put me on a National Registry without just cause and what proof have they obtained to confirm that "I am mentally ill". The defendants have no proof and can not put my name on any National Registry without due cause.

11. By doing so violates my right to bare arms and to protect myself.

12. Exhibit "B' is what actually about what happens when one (as myself) was pro se at that time and did not know the F.R.C.P. Exhibit 'B' did not mean that I was incompetent, it meant that not only I but also Diana Law did not know what we were doing. Law did not understand "notice of service" etc.

13. In the very beginning, Dittman stated that I was mentally ill as I lived in the dark. Dittman, throughout his many divorces, also lived where I used to reside. All apts. are dark, thus, Dittman should also be on the National Registry for the mentally ill. In gathering information regarding Dittman (who threatened me many times because of my filing a civil action against him) barely made it through High School and was considered in the lowest percent in rank of grades.

14. I am considering consolidating and will think this matter over in 30 days. The State law states that any mental health record must be up-dated every 6 months. The new up-date has me normal other than PTSD. The defendants have victimized me beyond reason, they made me a victim by refusing to arrest Diana Law who concocted this matter so she would NOT get fired from MCI for solicitation while at work using corporate owned equipment to solicit money for personal gain, I never did that crime of 2nd degree harassment, and the defendants continue to victimize me daily by harassing me for filing this civil action and for putting me on a National Registry because of their own lack of competency.

Respectfully submitted,
Elizabeth A. Marczeski    12/3/03
206 B Nautilus Dr. #104
New London, CT  06320
(860) 440-3541

4

## CERTIFICATION

I hereby certify that a copy of the foregoing has been sent first class, U.S. mail, on this 3rd day of Decenber, 2003, to the following.

James N. Tallberg
Updike, Kelly, & Spellacy, P.C.
One State St.
Hartford, CT 06123

Brian K. Estep
Conway & Londregan, P.C.
38 Huntington St.
New London, CT 06320

Ralph J. Monaco, esq.
Conway & Londregan
38 Huntington St.
New London, CT 06320

*[signature]* 12/3/03
Elizabeth A. Marczeski
206 B Nautilus Dr. #104
New London, CT 06320
(860) 440-3541

EXHIBIT A

CVH-184　　　　　　　　　　STATE OF CONNECTICUT
Rev. 7/03　　　CONNECTICUT VALLEY HOSPITAL - HEALTH INFORMATION MANAGEMENT
　　　　　　　　　　Telephone: (860) 262-6313　Fax. (860) 262-6345
　　　　　　　　　　P.O. Box 351 – Middletown, Connecticut 06457

## AUTHORIZATION FOR USE AND DISCLOSURE OF PROTECTED HEALTH INFORMATION

**I understand that the records to be released may contain information pertaining to Medical, Psychiatric, Drug and/or Alcohol Abuse Treatment, and/or Confidential HIV (AIDS) related information.**

Patient Name (include name at time of hospitalization if different): _Elizabeth Marczeski_

Date of Birth: _____　Social Security Number: _____

I authorize Connecticut Valley Hospital to **RELEASE** information _to_:
Name of Person or Agency: _____
(Address) _Attorney Jim Tallberg_
_Updike, Kelly & Spellacy_
_One State Street_
_Hartford, CT 06123_

I authorize Connecticut Valley Hospital to **OBTAIN** information _from_:
Name of Person or Agency: _____
(Address) _____

**Dates of Treatment Covered by this Release:**
[ ] All prior episodes of care, through discharge from present episode of care
[ ] Limited to the following date(s): _6/98 - present_

**Information to be Released/Obtained**
_Check appropriate box(es)_
[X] Psychiatric Evaluation
[X] Psychological Evaluation
[X] Psychosocial History and Assessment
[X] History and Physical Examination
[ ] Diagnostic Reports: ___ PPD ___ X-Ray ___ EEG ___ EKG ___ Laboratory
[X] Discharge Summary
[ ] Other (specify): _____

**Purpose of Release**
_Any other use is prohibited_
[ ] To assist with evaluation and treatment
[ ] Placement/referral purposes
[ ] Benefit determination (includes Medicare/Medicaid)
[ ] Case Management coordination
[ ] Social Security Disability determination
[ ] Other (specify): _____

This authorization if not cancelled, will expire: _____
Event or condition upon which this authorization expires or date not to exceed 12 months.
(If blank, authorization will expire 12 months from date of signature below.)

I understand that refusal to grant permission will in no way effect my right to obtain present and future treatment, except where disclosure of such communication and records is necessary for treatment. I understand that I may revoke this authorization at any time (not retroactively), by signing the "Cancellation/Revocation" section below, except to the extent that action has been taken in reliance on it (i.e. probation, parole, etc.). **This authorization, if not revoked earlier by me, will expire when acted upon or in one year of signature.** I further understand that the Confidentiality of psychiatric, drug and/or alcohol abuse and HIV records are protected under State and Federal law and cannot be disclosed without my written authorization unless otherwise provided for by law. The information disclosed pursuant to this authorization may be subject to redisclosure by the recipient and no longer protected by Federal law.

Patient Signature: _____　Date: _____

*Personal Representative: _____　Date: _____

Witness Signature: _____　Date: _____

**CANCELLATION/REVOCATION:**
Patient/Legal Representative Signature: _____　Date: _____

*If this form has not been signed by the patient, please state signer's authority and provide a copy of legal appointment.
[ ] Conservator/Guardian　[ ] Executor of Estate　[ ] Other (specify): _____

_Please Note: This is a legal document and will not be honored unless it is completed in full._

EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
----------------------------------X
ELIZABETH A. MARCZESKI,          :
                                 :
              Plaintiff,         :    **ORDER**
                                 :    3:98 CV 1422 (GLG)
         -against-               :
                                 :
TIMOTHY PRICE, ET AL.,           :
                                 :
              Defendants.        :
----------------------------------X

FILED
DEC 1 1 51 PM '98
U.S. DISTRICT COURT
NEW HAVEN, CONN.

Plaintiff requests a 90 day extension, presumably to respond to the motion to dismiss filed two months ago. She also files a number of other motions including a second motion for assignment of counsel. That motion (Doc. no. 20) is **DENIED** for the reasons stated in this Court's order of August 19, 1998. Plaintiff's submissions grow increasingly incomprehensible. (They do indicate the existence of criminal proceedings and civil actions in State and local courts, the import of which on this action we cannot determine.)

As to plaintiff's motion for a 90 day extension, we note that she is already more than a month in default in response to the motion to dismiss. We will extend her time to oppose that motion for 30 days from the date of this order, but we caution her that unless opposition is timely submitted, the motion will be granted on default.

Concerning the remaining submissions, to the extent that they may be appropriately considered as motions, decision will be reserved until the motion to dismiss is decided.

Dated: November 27, 1998
       Waterbury, CT

                                       _____
                                       Gerard L. Goettel
                                       U.S.D.J.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIZABETH MARCZESKI<br>PLAINTIFF | : CIVIL NO.<br>: 3:01CV01437(AHN)(HBF) |
| V. | : |
| SUSAN B. HANDY, ET AL,<br>DEFENDANTS | : DECEMBER 6, 2001 |

## DEFENDANT STEERE'S MOTION TO DISMISS

The Defendant Sara Steere, a Connecticut Assistant State's Attorney for New London County, respectfully moves to dismiss the plaintiff's Complaint for the following reasons:

1. The plaintiff has failed to state a claim against Defendant Steere, pursuant to F.R.C.P. Rule 12.

2. The plaintiff's claims against Defendant Steere are barred, as she is entitled to absolute prosecutorial immunity for all of her actions in the course of prosecuting the criminal charges brought against the plaintiff.

3. Defendant Steere is also entitled to quasi-judicial immunity for her recommendation that plaintiff be sent to CVH, as it was based upon a finding of incompetence by the Honorable Susan B. Handy of the State Superior Court, and the Honorable Judge Goettel of the Federal District Court in the District of Connecticut.

4. In any event, Defendant Steere is entitled to qualified immunity for all her actions.

**WHEREFORE**, the defendant respectfully requests that this lawsuit be dismissed against her in its entirety.

Encl (C1)

The Court would further note plaintiff's reference to this Court's referring to her as "incompetent." This the Court has never done. The Court has never used that term in any order in this case and has never made such a reference. The plaintiff also claims that the Court has attempted to belittle her by attributing statements to her that she never made. She states that she never took the position that discovery would be a waste of time and that the Court misquoted her in this regard. However, on page one of plaintiff's "Response of Order to Show Cause," plaintiff states very clearly:

> . . . based on examination of all documents the defendants have submitted to this court under notary, I found that each sentence to be a lie. Thus, the <u>discovery would be a waste a [sic] time</u>, due to the defendants continuation of denail [sic] of the true facts.

The Court in no sense was attempting to belittle plaintiff but was rather quoting plaintiff's own statement verbatim.

In her response, plaintiff has also objected to discovery being taken of her anywhere except in a conference room in any courthouse in Connecticut. This same objection was raised in plaintiff's "Objection to Please Take Notice" [Doc. # 61] which this Court is treating as a motion for a protective order and which will be addressed in a separate order of the Court after defendants have had an opportunity to respond.

Accordingly, it is hereby ordered that plaintiff and defendants shall complete discovery in this case and file all

2