UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ELIZABETH MARCZESKI,    : CIVIL NO. 3:02CV00894 (GLG)
   Plaintiff,      :

v.      :

RICHARD BROWN, ET. AL., : FEBRUARY 13, 2004
   Defendants.

## MEMORANDUM

1. I rather object to the defendants wanting to take a deposition from my primary doctor, John Rankin. He is a medical doctor who treats me for service-connected disabilities, high-blood pressure, asthma, or any other physical medical problems.

2. Exhibit A is an explanation that my VA medical file is incorrect. The record is being corrected which takes time and just to get the VA to correct the errors is like tiring to move a mountain. It is not easy.

3. Therefore, he taking Rankin's deposition, the only questions to be asked are medical questions. He can offer no testimony to my mental health. Also I can refute any claims due to the correction of my medical file which is quite erronous.

4. The defendants refuse to contact the Department of Mental Health and Addiction which has my mental health record. The defendants are not pleased that I was given a clean bill of mental health other than PTSD (post traumatic stress disorder).

5. Exhibit B shows that the defendants want my medical record from 1/1/96 to 2/10/04. I do not believe that I will be signing any authorization for release of

1

medical information to the defendants because:

   a. Rankin has on many times refused to treat me for service-connected disabilities.
   b. The VA has had to pay Lawrence & Memorial Hospital thousands due to Rankin's lack of service and treatment.
   c. Testimony from Rankin is irrelevant and will put me in a bad position in future treatment from the Rankin (at the Coast Guard Academy).

6. I am not the only Veteran with complaints of non-medical treatment by the VA Medical Center and it is getting worse.

7. I believe that Dr. Rankin is among the many clients who refer to him as Dr. DoNothing.

8. Should the defendants try to coerce or derive more information from Rankin other than medial care, I will amend this civil action to include violation of my privacy rights.

9. The police still continue to follow me and I continue to write the incidents on my calendar. Police cruiser 51 on February 1, 2004 was tail-gating me when I pulled of the the parking lot. I do not know where he came from as the street was clear of traffic, but the next thing I knew he was on my bumper going up Farmington to Ocean ave. and down Ocean. I thought he was going to rear end me.

Respectfully submitted,

*[signature]* — 2/13/04

Elizabeth A. Marczeski
206 B Nautilus Dr. #104
New London, CT 06320
(860) 440-3541

## CERTIFICATION

I hereby certify that a copy of the foregoing has been sent first class, U.S. mail, on this 13rd day of February, 2004, to the following.

James N. Tallberg
Updike, Kelly, & Spellacy, P.C.
One State St.
Hartford, CT 06123

Brian K. Estep
Conway & Londregan, P.C.
38 Huntington St.
New London, CT 06320

Ralph J. Monaco, esq.
Conway & Londregan
38 Huntington St.
New London, CT 06320

*Elizabeth Q.*       2/13/04
Elizabeth A. Marczeski
206 B Nautilus Dr. #104
New London, CT 06320
(860) 440-3541

EXHIBIT A

# AUTHORIZATION FOR RELEASE OF PROTECTED HEALTH INFORMATION

NAME:     Elizabeth Marczeski          DATE OF BIRTH:
                                       SOCIAL SECURITY NO:

1. I hereby authorize Dr. John Rankin, VA Connecticut Healthcare ("Medical Provider") to use or disclose my protected health information ("PHI") as specified below. I understand that signing this Authorization is voluntary, and that Medical Provider may not require me to sign this Authorization before providing me with treatment. I understand that I have the right to revoke this Authorization at any time to the extent that it has not already been relied upon by Medical Provider. I understand that any such revocation must be in writing and signed by me. I understand that PHI is being released pursuant to this Authorization at my request and that the PHI may no longer be protected by law or regulation and may be re-disclosed by the recipient.

1)    a)    Please use or disclose the following PHI, to the extent that it exists:

      X    My entire medical record; or
      ☐    The following limited PHI:

      _____    _____
      _____    _____

      b)    Medical Provider cannot use or disclose certain PHI unless I specifically authorize such use or disclosure. **Please initial next to each item below if you specifically authorize the release of PHI relating to the testing, diagnosis or treatment for:**

           ___   HIV/AIDS
           ___   Drug and alcohol abuse
            X    Mental health/psychiatric disorders

2)    Please specify the time period for the PHI you described above to be disclosed:

      ☐    All PHI maintained at any time by you, or
      X    PHI maintained by you from _/_/_1/96_ to _2/10/04_.

3)    Please specify who may receive the PHI requested by this Authorization:
           Updike, Kelly and Spellacy
           One State Street
           Hartford, CT 06123

324664

4)   Purpose of the disclosure of PHI:

      ☐   At my request
      X   Pending judicial or administrative proceeding
      ☐   Other: _____

Unless earlier revoked, this Authorization will expire one year from the date signed below, unless I specify an earlier date here: ___/___/___.

By signing below, I understand and acknowledge the following:

- I have read and understand this Authorization;
- I am authorizing you to use or disclose the PHI designated in Section (1)(a) above to the person(s) designated in Section (3) above for the purpose(s) identified in this Section (4) above; and
- If I have any questions about disclosure of my PHI pursuant to this Authorization, I may contact legal counsel.

_____  _____  _____
Name of Individual, if          Signature of Patient or            Date
Different than patient           Personal Representative

If signed by the patient's personal representative, describe the legal authority of the representative to act on behalf of the patient: _____
Legal authority of representative verified by: _____

Subscribed and sworn to before me,
the undersigned, this ___ day
of _____, 2004.


_____
Commissioner of the Superior Court
Notary Public
My Commission Expires: _____

324864

EXHIBIT B



DEPARTMENT OF VETERANS AFFAIRS
Boston Regional Counsel
Connecticut Area Office
555 Willard Avenue
Newington CT 06111
(860) 667-6830

**CERTIFIED MAIL**
December 11, 2003

Elizabeth Marczeski
206 B Nautilus Drive #104
New London CT 06320

RE:    **Administrative Tort Claim**

Dear Ms. Marczeski:

My office received your SF 95 Claim For Damage, Injury or Death, on December 4, 2003. The claim seeks ███████ for alleged personal injury.

The issues that you write about on your claim form relate to your allegations that there are erroneous statements in your medical records and that, as a result of such statements, you are being "discriminated against". You may direct your request for a medical record correction to the VA CT Chief of Health Information Management Services (HIMS).

Neither of the allegations in your claim arise or result from the types of negligence that are cognizable under the Federal Tort Claims Act (28 USC §2671, 2672). Your claim is therefore being denied.

If you are dissatisfied with this decision, you may file a request for reconsideration of your claim with the VA General Counsel by any of the following means: (1) you may mail your request to the Department of Veterans Affairs, General Counsel (021B), 810 Vermont Avenue, N.W., Washington, DC 20420; (2) you may file your request by data facsimile (fax) to (202) 273-6385; or (3) you may e-mail your request to OGC.torts@mail.va.gov. To be timely filed, VA must receive this request prior to the expiration of 6 months from the date of the mailing of this final denial. Upon filing such a request for reconsideration, VA shall have 6 months from the date of that filing in which to make final disposition of the claim, and your option to file suit in an appropriate U.S. District Court under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of such request for reconsideration (28 C.F.R. Section 14.9).

In the alternative, if you are dissatisfied with the action taken on your claim, you may file suit in accordance with the Federal Tort Claims Act, sections 1346(b) and 2671-2680, title 28, United States Code, which provides that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration.

Such a suit must be initiated within 6 months after the date of the mailing of this notice of final denial as shown by the date of this letter (section 2401(b), title 28, United States Code). If you do initiate such a suit, you are further advised that the proper party defendant is the United States, not VA.

Please do not hesitate to contact Attorney Cynthia L. Tyler at 860-667-6830 if you have any questions.

Sincerely,

MURRAY ZARETSKY
Assistant Regional Counsel