UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIZABETH A. MARCZESKI | CIVIL ACTION NO. 3:02CV00894(GLG) |
| Plaintiff | |
| v. | |
| WILLIAM GAVITT AND WILLIAM DITTMAN | |
| Defendants. | April 30, 2004 |

## DEFENDANTS' MOTION TO STAY DISCOVERY

Pursuant to Rules 26 of the Federal Rules of Civil Procedure, the defendants, William Gavitt and William Dittman, respectfully request that the Court issue an order staying any additional discovery until after the Court has ruled on any and all dispositive motions that may be made in the case. In support of this motion, defendants submit as follows:

1. Defendants seek this stay in order to avoid, if possible, a protracted battle concerning the production and disclosure of plaintiff's voluminous psychiatric records.

2. The parties have exchanged written discovery and the plaintiff has been deposed. All discovery has been completed except discovery directed to the plaintiff's psychiatric treatment and history.

3. The Court has issued a Scheduling Order requiring that parties complete all discovery on May 1, 2004.

4. On November 21, 2003, the undersigned wrote to the plaintiff requesting that she sign an authorization from the Connecticut Valley Hospital for the release of her medical records. A copy of that letter is attached hereto as Exhibit A.

5. On February 11, 2004, the undersigned wrote to the plaintiff requesting that she sign an authorization form for the release of her medical records with regard to Dr. John Rankin at the VA Connecticut Healthcare, West Haven. A copy of that letter is attached hereto as Exhibit B.

6. The defendants also issued a Notice of Deposition to take Dr. Rankin's testimony on March 10, 2004. Dr. Rankin refuses to give testimony concerning the plaintiff's psychiatric history.

7. Plaintiff's psychiatric records, including her admitted diagnoses of borderline personality disorder, paranoid schizophrenia, and being a "bipolar maniac," are relevant to the defense of this case. Yet, defendants are sensitive to the plaintiff's request to maintain confidentiality over those records.

8. Plaintiff has filed two motions in an effort to resist defendants' discovery requests. See Memorandum, dated Feb. 24, 2004; Memorandum of Defendants Request for Release of Medical Report from CVH, dated Dec. 3, 2003.

9. Plaintiff's psychiatric records are likely not needed for the Court to entertain a dispositive motion that may obviate the need for this discovery dispute to be resolved.

10. The defendants will make a Motion for Summary Judgment seeking summary judgment on all of the plaintiff's remaining claims by June 1, 2004, the dispositive motion deadline set by the Court.

11.     The defendants submit that the plaintiff's psychiatric records are not necessary to the preparation of their summary judgment motion, and may only become relevant if summary judgment is denied and the case proceeds to trial.

12.     The Court's resolution of the plaintiff's objections to defendants' discovery requests will not be necessary unless and until the Court denies defendants' summary judgment motion.

13.     Accordingly, the Court should stay all discovery related to the plaintiff's medical records, including the resolution of the plaintiff's objections, until resolution of defendants' summary judgment motion.

14.     The Court has discretion to enter such an order under Rule 26(c) of the Federal Rules of Civil Procedure, which allows the district court to stay discovery upon a showing of good cause, and Rule 26(d), which permits to the court upon motion to "control by order the sequence and timing of discovery." See, e.g., Seimans Credit Corp. v. American Transit Ins. Co., 00 CIV 0880 (BSJ), 2000 U.S. Dist. LEXIS 6014 (S.D.N.Y. May 3, 2000) (granting motion to stay discovery pending resolution of summary judgment) (attached hereto as Exhibit C).

WHEREFORE, for the foregoing reasons, the defendants respectfully request that the Court stay all discovery related to plaintiff's psychiatric records until resolution of the defendants' Motion for Summary Judgment.

                                                    DEFENDANTS,
                                                    RICHARD BROWN, WILLIAM GAVITT
                                                    AND WILLIAM DITTMAN

By: _____
                                         JAMES N. TALLBERG, ESQ.
                                         Federal Bar Number ct 17849
                                         Updike, Kelly & Spellacy, P.C.
                                         One State Street
                                         Hartford, CT 06123-1277
                                         Tel. (860) 548-2600

## **CERTIFICATION**

A copy of the foregoing has been mailed by first class mail, postage prepaid, this 30th day of April 2004 to:

Elizabeth A. Marczeski
206 B Nautilus Drive, #104
New London, CT 06320

By: _____
JAMES N. TALLBERG, ESQ.

361259                              5

# Updike, Kelly & Spellacy, P.C.
Counselors at Law

Hartford • New Haven • Stamford

**MERITAS**
LAW FIRMS WORLDWIDE
An Alliance Member

One State Street, P.O. Box 231277
Hartford, Connecticut 06123-1277
Telephone (860) 548-2600
Facsimile (860) 548-2680

James N. Tallberg
(860) 548-2611
jtallberg@uks.com

November 21, 2003

Elizabeth Marczeski
206 B. Nautilus Drive, #104
New London, CT 06320

Re:   Elizabeth Marczeski v. City of New London

Dear Ms. Marczeski:

In order to defend against your claims in this lawsuit, we need access to some of your medical records. Enclosed please find a blank authorization form from Connecticut Valley Hospital for release of your medical records. We have limited the scope of our request to certain dates.

Should you have any questions or concerns regarding the enclosed, please feel free to contact me.

Thank you for your assistance.

Very truly yours,

JAMES N. TALLBERG

JNT/dmc

Enc.

344974

CVH-184  
Rev. 7/03

**STATE OF CONNECTICUT**  
**CONNECTICUT VALLEY HOSPITAL - HEALTH INFORMATION MANAGEMENT**  
Telephone: (860) 262-6313   Fax. (860) 262-6345  
P.O. Box 351 – Middletown, Connecticut 06457  

**AUTHORIZATION FOR USE AND DISCLOSURE OF PROTECTED HEALTH INFORMATION**

**I understand that the records to be released may contain information pertaining to Medical, Psychiatric, Drug and/or Alcohol Abuse Treatment, and/or Confidential HIV (AIDS) related information.**

Patient Name (*include name at time of hospitalization if different*): __Elizabeth Marczeski__     Date of Birth _____  Social Security Number _____

I authorize Connecticut Valley Hospital to **RELEASE** information *to*:  
Name of Person or Agency: __Attorney Jim Tallberg__  
(*Address*) __Updike, Kelly & Spellacy__  
__One State Street__  
__Hartford, CT 06123__

I authorize Connecticut Valley Hospital to **OBTAIN** information *from*:  
Name of Person or Agency: _____  
(*Address*) _____

**Dates of Treatment Covered by this Release:**  
[ ] All prior episodes of care, through discharge from present episode of care  
[ ] Limited to the following date(s): __6/98 – present__

**Information to be Released/Obtained**  
*Check appropriate box(es)*  
[X] Psychiatric Evaluation  
[X] Psychological Evaluation  
[X] Psychosocial History and Assessment  
[X] History and Physical Examination  
[ ] Diagnostic Reports:  ___ PPD ___ X-Ray ___ EEG ___ EKG ___ Laboratory  
[X] Discharge Summary  
[ ] Other (*specify*): _____

**Purpose of Release**  
*Any other use is prohibited*  
[ ] To assist with evaluation and treatment  
[ ] Placement/referral purposes  
[ ] Benefit determination (includes Medicare/Medicaid)  
[ ] Case Management coordination  
[ ] Social Security Disability determination  
[ ] Other (*specify*): _____

This authorization if not cancelled, will expire: _____  
Event or condition upon which this authorization expires or date not to exceed 12 months.  
(*If blank, authorization will expire 12 months from date of signature below.*)

I understand that refusal to grant permission will in no way effect my right to obtain present and future treatment, except where disclosure of such communication and records is necessary for treatment. I understand that I may revoke this authorization at any time (not retroactively), by signing the "Cancellation/Revocation" section below, except to the extent that action has been taken in reliance on it (i.e. probation, parole, etc.). **This authorization, if not revoked earlier by me, will expire when acted upon or in one year of signature.** I further understand that the Confidentiality of psychiatric, drug and/or alcohol abuse and HIV records are protected under State and Federal law and cannot be disclosed without my written authorization unless otherwise provided for by law. The information disclosed pursuant to this authorization may be subject to redisclosure by the recipient and no longer protected by Federal law.

Patient Signature: _____   Date: _____

*Personal Representative: _____   Date: _____

Witness Signature: _____   Date: _____

**CANCELLATION/REVOCATION:**  
Patient/Legal Representative Signature: _____   Date: _____

*If this form has not been signed by the patient, please state signer's authority and provide a copy of legal appointment.  
[ ] Conservator/Guardian   [ ] Executor of Estate   [ ] Other (specify): _____

*Please Note: This is a legal document and will not be honored unless it is completed in full.*

Case 3:02-cv-00894-SRU    Document 35    Filed 05/03/2004    Page 9 of 14

# Updike, Kelly & Spellacy, P.C. — Counselors at Law

Hartford • New Haven

One State Street, P.O. Box 231277
Hartford, Connecticut 06123-1277
Telephone (860) 548-2600
Facsimile (860) 548-2680


MERITAS
LAW FIRMS WORLDWIDE

James N. Tallberg
(860) 548-2611
(860) 548-2680 Fax
jtallberg@uks.com

February 11, 2004

Elizabeth Marczeski
206 B. Nautilus Drive, #104
New London, CT 06320

Re:   <u>Elizabeth Marczeski v. City of New London</u>

Dear Ms. Marczeski:

In order to defend against your claims in this lawsuit, we need access to some of your medical records. Enclosed please find the following an authorization form for release of your medical records with regard to Dr. John Rankin at the VA Connecticut Healthcare, West Haven Campus. We have limited the scope of our request to certain dates.

In addition, I have enclosed a copy of a Notice of Deposition and Subpoena for Dr. Rankin, which is scheduled for Wednesday, March 10, 2004 at 10:00 at our offices. It is important that we receive your signed authorization to release your medical records prior to this deposition.

Should you have any questions or concerns regarding the enclosed, please feel free to contact me.

Thank you for your assistance.

Very truly yours,

JAMES N. TALLBERG

JNT/dmc

Enc.

352199

## AUTHORIZATION FOR RELEASE OF PROTECTED HEALTH INFORMATION

NAME:    Elizabeth Marczeski        DATE OF BIRTH:
                                    SOCIAL SECURITY NO:

1. I hereby authorize <u>Dr. John Rankin, VA Connecticut Healthcare</u> ("Medical Provider") to use or disclose my protected health information ("PHI") as specified below. I understand that signing this Authorization is voluntary, and that Medical Provider may not require me to sign this Authorization before providing me with treatment. I understand that I have the right to revoke this Authorization at any time to the extent that it has not already been relied upon by Medical Provider. I understand that any such revocation must be in writing and signed by me. I understand that PHI is being released pursuant to this Authorization at my request and that the PHI may no longer be protected by law or regulation and may be re-disclosed by the recipient.

1) a) Please use or disclose the following PHI, to the extent that it exists:

   X   My entire medical record; or
   ☐   The following limited PHI:
   _____
   _____

   b) Medical Provider cannot use or disclose certain PHI unless I specifically authorize such use or disclosure. **Please initial next to each item below if you specifically authorize the release of PHI relating to the testing, diagnosis or treatment for:**

   ___  HIV/AIDS
   ___  Drug and alcohol abuse
   X    Mental health/psychiatric disorders

2) Please specify the time period for the PHI you described above to be disclosed:

   ☐   All PHI maintained at any time by you, or
   X   PHI maintained by you from  1 / 1 /96  to  2 /10/04 .

3) Please specify who may receive the PHI requested by this Authorization:
   <u>Updike, Kelly and Spellacy</u>
   <u>One State Street</u>
   <u>Hartford, CT 06123</u>

324664

LEXSEE 2000 US DIST LEXIS 6014

**SIEMENS CREDIT CORPORATION, Plaintiff,-v.-AMERICAN TRANSIT INSURANCE COMPANY, Defendant and Third-Party Plaintiff. SIEMENS INFORMATION AND COMMUNICATION NETWORKS, INC., Third-Party Defendant.**

**00 CIV. 0880 (BSJ)**

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

*2000 U.S. Dist. LEXIS 6014*

**April 29, 2000, Decided
May 3, 2000, Filed**

**DISPOSITION:** [*1] Plaintiff Siemens Credit Corporation's ("SCrC") motion to stay discovery granted and Third-Part Defendant Siemens Information and Communication Network's ("SICN") motion to stay discovery denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff filed a motion to stay discovery pursuant to *Fed. R. Civ. P. 26*, and third-party defendant also filed a motion to stay discovery, in an action to determine if plaintiff had responsibility for the condition or performance of the leased equipment.

**OVERVIEW:** Plaintiff filed a motion to stay discovery pursuant to *Fed. R. Civ. P. 26* and third-party defendant also filed a motion to stay discovery in its concurrent action with the defendant/third-party plaintiff. The court granted the plaintiff's motion and denied the third-party defendant's motion. The plaintiff and defendant had submitted argument on a pending summary judgment motion. *Fed. R. Civ. P. 26* allowed the court to stay discovery where resolution of a preliminary motion might dispose of the entire action. The court determined, without having decided the motion for summary judgment, that the plaintiff sustained their burden of showing good cause for staying discovery. In regards to the third-party defendant's motion, the court held that questions of fact existed between the third-party plaintiff and third-party defendant on which further discovery would aid in the resolution of the action.

**OUTCOME:** The court granted plaintiff's motion because plaintiff sustained their burden of showing good cause for staying discovery. The court denied the third-party defendant's motion because the court perceived questions of fact on which further discovery would aid in the resolution of the action.

**LexisNexis (TM) HEADNOTES- Core Concepts:**

*Civil Procedure > Disclosure & Discovery*
[HN1] *Fed. R. Civ. P. 26(c)* allows the district court to stay discovery upon a showing of good cause. *Fed R. Civ. P. 26(d)* allows the district court upon motion to control by order the sequence and timing of discovery. Together, these provisions enable the district court to stay discovery where resolution of a preliminary motion may dispose of the entire action. The movant bears the burden to establish good cause.

**COUNSEL:** For SIEMENS CREDIT CORPORATION, plaintiff: Douglas J. Kramer, Baden, Kramer, Huffman & Brodsky, P.C., New York, NY.

For AMERICAN TRANSIT INSURANCE COMPANY, defendant: Thomas Edward Hone, Berger Stern & Webb, L.L.P., New York, NY.

For AMERICAN TRANSIT INSURANCE COMPANY, third-party plaintiff: Thomas Edward Hone, Berger Stern & Webb, L.L.P., New York, NY.

For SIEMENS INFORMATION AND COMMUNICATIONS NETWORKS, INC., third-party defendant: Douglas J. Kramer, Baden, Kramer, Huffman & Brodsky, P.C., New York, NY.

**JUDGES:** BARBARA S. JONES, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** BARBARA S. JONES

OPINION:

Opinion & Order

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Plaintiff Siemens Credit Corporation's ("SCrC") motion to stay discovery in the above entitled action is **granted** and Third-Part Defendant Siemens Information and Communication Network's ("SICN") motion to stay discovery is **denied**.

[HN1] *Rule 26(c) of the Federal Rules of Civil Procedure* allows the district [*2] court to stay discovery upon a showing of "good cause." *Rule 26(d) of the Federal Rules of Civil Procedure* allows the district court upon motion to "control by order the sequence and timing of discovery." Together, these provisions enable the district court to stay discovery where resolution of a preliminary motion may dispose of the entire action. See *Association Fe y Allegria et al. v. Republic of Ecuador et al., 1999 U.S. Dist. LEXIS 4815,* No. 98 Civ. 8650(BSJ), *1999 WL 147716* (S.D.N.Y. Mar. 16, 1999). The movant bears the burden to establish good cause. See id.

The Court, having reviewed the parties' submissions on the pending motion for summary judgment, concludes that the a stay of discovery is warranted in the SCrC action. The motion by Siemens Credit rests largely on issues of law. Specifically, whether under Article 2-A of the New York Uniform Commercial Code, the lease between SCrC is a "hell or high water" lease and accordingly, SCrC has no responsibility for the condition or performance of the leased equipment. The Court, having read the relevant portions of the lease and the parties' submissions, sees merit in the plaintiff's motion for summary judgment. This conclusion is due, [*3] in part, to the Court's initial impression that the contract language in question resolves the question of whether American Transit Insurance Company ("ATIC") had an obligation to make all payments due under the lease no matter the circumstances. At this juncture, and without having finally decided the motion for summary judgment, the Court concludes that defendants have sustained their burden of showing good cause.

As to the motion to stay discovery in the SICN action, however, the Court perceives questions of fact on which further discovery would aid in the resolution of the action, including but not limited to:

> (1) whether the telephone equipment at issue was ever "installed and substantially performing according to all material specification as verified by Siemens Rolm's standard testing procedures," as explicitly required by the Agreement;
>
> (2) whether SICN provided ATIC with written notice of the actual "Cutover Date," as explicitly required by the Agreement;
>
> (3) whether the intended "Cutover date" relied upon by SICN was the actual "Cutover date";
>
> (4) SICN's representations and conduct in obtaining a boilerplate agreement from ATIC;
>
> (5) SICN's conduct [*4] in allegedly failing to performing and render timely and satisfactory service of the equipment; and
>
> (6) whether ATIC timely notified SICN of the alleged defective nature of its equipment and its alleged inadequate service.

The parties, in the SICN action **only**, are directed to submit to the Court, on or before May 8, 2000, a proposed stipulated discovery schedule.

**SO ORDERED:**

**BARBARA S. JONES**

**UNITED STATES DISTRICT JUDGE**

Dated: New York, New York

April 29, 2000