UNTIED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ELIZABETH A. MARCZESKI,  : CIVIL NO. 3:02CV00894(GLG)
    Plaintiff,  :

v.

ROBERT BROWN, ET.AL.,  : MAY 3, 2004
    Defendants.

## MOTION

1. I am requesting a motion that the defendants tell the Court of the source of their search in obtaining my mental medical records that include such diagnosis' as borderline personality disorder, paranoid schizophrenia and being a "bipolar maniac".

2. I signed no release for the defendants to obtain this information that is false.

3. The record that obtains this medical information is "sealed" and I would like to know how and who unsealed the medical record for the defendants.

4. As to the defendants subpoenaing Dr. Rankin, he is only my medical doctor and not a mental health provider. Rankin's only professional issue with me is that he is my primary medical doctor at the VA. Rankin has no access nor does he have anything to do with my VA mental medical record. Rankin was represented by counsel provided by the VA Medical Center in Newington, CT.

5. Despite the defendants efforts in obtaining such information that is false, that record is 21 years old and is being amended by the VA.

6. The medical record was a product of a Dr. Coric who was arrested twice by

the State of CT for Medicare and Medicaid fraud. In defrauding these agencies, Coric would simply write these incorrect diagnosis' for the patient to receive Social Security Disability.

7. Coric defrauded me and these agencies three times over: (1) Coric got $150 each week from the VA as I was on a fee basis program (2) Coric was paid by Blue Cross/Blue Shield, and (3) Coric was paid by Medicare. Coric triple dipped.

8. Any professional in regards to my mental health would not use a 21 year old medical record as the record would be too passé. By CT law, a mental patient must be re-assessed every 6 months to obtain a "current" record to avoid any liability civil actions.

9. I give Exhibit (A) that is from a Dr. Pincay. After leaving Connecticut Valley Hospital (CVH), I was referred to the Dept. of Mental Health and Addiction in Norwich. There my Social worker was Carol Richards. Although I did not have to stay at that agency, I did. Over the three year period, Pincay assessed me (by using the 21 year old record as a guide line) as having no clinical depression and I am not required to take any anti-psychotic medication. The medical record is current and would negate the 21 year old medical record that the defendants are relying on to support their case.

10. The VA in amending my medical record, has the same record as the defendants have, however, at the VA, I was never evaluated by anyone. The doctors there, come and go, and the new doctor simply picks up where the last doctor left off. This pattern has been going on for 21 years and 21 years too long.

11. Also the VA has noticed that there may be an identity thief which would

2

explain why so many unusual things occurring. The police gave Diana Law and Gena Butler documentation with my social security number on it. It appears that someone is getting free medical services in Loma Linda CA., racked up a $1,800 phone bill in my name is Fla., racked up a $900 bill in NC., and so on.

12. The VA has agreed to amend my record which also means that by amending the false medical record would make me available for work and I would loose my Social Security benefits. However, I have more physical problems compared to mental problems.

13. As to summary judgment, I will submit the volumes of records by the Dept of Mental Health which would negate the defendants medical record that have obtained of me and also violating my right to privacy (HIPPA).

14. In speaking to Dr. Coric regarding my record, he states that I should have been re-evaluated since the medical record was a result of fraud. By the defendants using this 21 year old medical record would merely express that the defendants lack adequate training and exercise poor judgment in making their decisions.

15. It was in this very Court that Law and Butler were found liable for fraud and harassment. It was not I who harassed them; Law and Butler harassed me.

16. It was Law and Butler who sent the defendants cut and paste email to persuade them that I was mentally ill. It was Law and Butler who sent the document of me glowingly "uncomprehensive" to the defendants who misinterpreted the document. (the document meant that I was not familiar with the F.R.C.P.

17. And because of this civil action, the defendants have continued to harassed me

by stalking me around town and at my premises.

18. The defendants also fail in the official capacity in that, when I have requested the police to come to my house, the police do not act on the matter because they believe that I am mentally ill.

19. It has come to the point that where I live management threatened to evict me unless they talk to my social worker which I did not have nor need. The defendants told management that I was mentally ill and have a been arrested.

20. I have been assaulted, the defendants did nothing as they feel I am mentally ill. I was robbed by a Josephine Johnson and drugged and yet the police do nothing as I am according to them, mentally ill.

21. The defendants have gone beyond their first amendments rights, and placed a stigma on me and refuse to act to "serve and protect" as I am a citizen and deserve to equal rights as anyone else. If I was mentally ill, I would use the ADA and discrimination theory but I suffer only from PTSD.

22. The police allowed Law and Butler to stalk me until April of 2001. Law even came into the restaurant and stalked me daily while in CT. The police did nothing. The police refused to admit they erred in their arrest of me due to their lack of competence. The police never asked me for any of my email and simply used the cut and paste email to arrest me without having the email authenticated.

23. As for my summary judgment, I will submit the entire recent medical record that is not a fraud and in compliance to CT law, the mental health record is up to date and not 21 years old.

24. Dr. Pincay has never been arrested for Medicare and Medicaid fraud for

personal gains such as Dr. Coric.

25. The Dept of Mental Health is quite familiar with Coric who has most of his former patients and they have had to re-evaluate them. Coric tried to sue me but he dropped the matter as I have all my receipts. I believe at one point, Coric was obsessed with gambling and merely wrote anything down for a diagnosis. A lawyer had called me as to getting on SSD, and he wanted to know how I got approved in 30 days. After reading the 21 year medial record, now I see why.

26. In short, since I am not required to take any anti-psychotic medication, I could not suffer from schizophrenia. That is a permanent disorder and requires to be medicated for life. Thus, since I am not required to take anti-psychotic for that disease, I do not suffer from that mental illness.

27. I suffer from PTSD, in which the defendants have traumatized me over a long period of time and falsely arrested me.

28. I also believe the defendants have made up some diagnosis' that are not in that 21 year old medical record.

29. I still make a motion as to how the defendants came to get this medical information without violating my right to privacy. I have not signed any releases.

30. I also stated to this Court that the defendants get the medical record from the Dept of Mental Health but they wanted the record from CVH which is the record of Coric. This record is on the state computer I believe.

31. While at CVH, I was not evaluated but merely warehoused for 52 days and was given olanzaphine (as well as all the other patients) which CVH states is for

mood swings but is for schizophrenia. Since I am borderline diabetic, the medication could have killed me.

32. Upon my release, I was forced to a plea bargain and my thinking was impaired by taking the olanzaphine. It affected my judgment and I had poor judgment in making decisions while under the medication. The drug impaired my thinking rather than improve my thinking.

33. I feel the defendants have violated my privacy rights by and through their legal counsel which may either cause new litigation or amend this civil action. The defendants can not continue to run around town telling my manger of my residence that I am mentally ill and everyone from New Jersey to Texas.

34. And lastly, since the VA seems to think there is some identity thief due to the defendants releasing my SSN# to Law and Butler, social security is giving me a new name and new social security number when I do leave CT.

35. In asking for a pardon, I am getting a waiver based on the defendants and prosecutor's misconduct and because I did not do the crime that I did time for.

36. I proved in this very Court that I did not harass Law and Butler, but they harassed, stalked, and defrauded me and had me arrested as a means not to be fired from MCI.

37. The defendants still continue to harass me by following me around the area.

38. Exhibit (B) regards the continuous requests for my payment of the deposition the defendants took of me. The defendants requested that I be depositioned and not vice versa. I am indigent and unable to pay to the of the deposition that the defendants requested. If I had requested the deposition, I would understand why

I would receive a bill for the cost of the deposition, but the defendants requested the deposition and I complied. I will simply refute any errors that may have been made. What I did not approve of by the defendants counsel was that during the deposition, a psychitrist was there to observe and I object. The psychiatrist could not get any clue to my mental health in such a mere time and if he did so. it would be prejudicial and I object to the counsel having a psychiatrist present during my deposition.

Respectfully submitted,

*[signature]* 5/3/14
Elizabeth Marczeski
206 B Nautilus Dr. #104
New London, CT  06320
(860) 440-3541

## CERTIFICATION

I hereby certify that a copy of the foregoing has been sent first class, U.S. mail, on this 3rd day of May, 2004, to the following.

James N. Tallberg
Updike, Kelly, & Spellacy, P.C.
One State St.
Hartford, CT 06123

Brian K. Estep
Conway & Londregan, P.C.
38 Huntington St.
New London, CT 06320

Ralph J. Monaco, esq.
Conway & Londregan
38 Huntington St.
New London, CT 06320

*Elizabeth A. Marczeski*    5/3/04
Elizabeth A. Marczeski
206 B Nautilus Dr. #104
New London, CT 06320
(860) 440-3541

8

Name: Elizabeth Marcgeski   MPI #: 7098   Date: 10-12-02

16

### SECTION XII

Completed by: ☐ MD or ☐ APRN

**FORMAL DIAGNOSIS**

| AXIS | CODE | EXPANSION |
|---|---|---|
| Axis Ia Primary | | No active diagnosis <br> H/o Schizophrenia, PTSD |
| Axis Ib | | |
| Axis Ic | | |
| Axis IIa | | |
| Axis IIb | | |
| Axis IIIa | | H/o HTN, H/o Asthma |
| Axis IIIb | | |

**Axis IV:** (check all that apply)

☐ problems with primary support group
☑ problems related to the social environment
☐ educational problems
☐ occupational problems
☐ housing problems

☐ economic problems
☐ problems with access to health care
☑ problems related to interaction with the legal system
☐ other psychosocial and environmental problems
Specify: _____

**Axis V:** MGAF score (0-100)   Current score: 70   Past year score: not known

☑ AIMS Assessment Completed

not on antipsychotic meds.

A. Pichny
Print Name of MD/ APRN

[signature]
Signature of MD/ APRN

10/16/02
Date

NOTE: Confidentiality of psychiatric, drug, and/or alcohol abuse and HIV records is required and no information from these specific records shall be transmitted to anyone else without consent or authorization as provided under Connecticut General Statutes, Chapter 899c and 368x and Federal Regulations 42 CFR 2. These laws prohibit you from making and further disclosure without specific written consent of the person to whom it pertains. A general authorization for the release of information is NOT sufficient for this purpose.

17

**EXHIBIT (B)**

**Brandon Smith Reporting Service, LLC**

Statement

44 Capitol Avenue
Suite 203
Hartford, CT 06106
Phone: (860) 549-1850    Fax: (860) 549-1537

# PAST DUE

| Date |
|---|
| 2/26/2004 |

Elizabeth A. Marczeski
206 B Nautilus Drive

New London, CT 06320

Phone
Fax

| Invoice # | Billed | Job Date | Witness / Preciding Official | Claim No. | File No. | Balance |
|---|---|---|---|---|---|---|

**Marczeski vs New London**

| | | | | | | |
|---|---|---|---|---|---|---|
| 6419BL | 9/25/2003 | 9/9/2003 | Marczeski, Elizabeth | | | $242.21 |
| | | | | | Case Total | $242.21 |
| | | | | | Grand Total | $242.21 |

*We accept Visa, Mastercard and American Express!*