UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ELIZABETH A. MARCZESKI,  : CIVIL NO. 3:02CV00894 (GLG)
   Plaintiff,  :

   v.

RICHARD BROWN, ET.AT.,  : MAY 23, 2004
   Defendants.

SUMMARY JUDGMENT

I.     . MOTION FOR SUMMARY JUDGMENT

1. In trying to focus on this case, Plaintiff moves for entry of a summary judgment in favor of the plaintiff on the grounds that there ARE real genuine issues of material facts and the plaintiff is entitled to a judgment as a matter of law. This motion is based upon pleadings, affidavits and written interrogatories submitted to this court. The defendants also requested a tape of the New London Police known as "dumb" which I submitted. As to my oral interrogatories, I do object as the defendants ordered the interrogatories of which they want me to pay. I am indigent. I did not ask for the interrogatories; the defendants asked for my oral interrogatories. I also object to the defendants having a psychiatrist present during my interrogatories. I was not informed that a psychiatrist would be present. In being pro se, the defendants should had given me former notice rather than take advantage of the interrogatories as I am not a lawyer. In giving my interrogatories, I provided the defendants with my calendar which includes the dates, times, car # of the police who harassed and followed me all over town, however, counsel for the defendants did

1

not enter the documents into evidence as required. There is no "number" on the Exhibit as required. The harassment by the defendants was the result of my right to address the court with my grievance and the defendants retaliated and violated my 1st amendment to redress the Government with my grievance without retaliation.

2. In the alternative, if judgment is not rendered upon the whole or for all the relief asked and a trial is necessary, the Court at the hearing of the motion, by examine the pleadings and evidence before it and by interrogation counsel and the parties ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted, and make an order specifying the facts that appear without substantial controversy, and directing such further proceedings in the action as may be just and proper.

3. In any controversy, I argue that the Court is required to accept as true all factual allegations in favor of the plaintiff. *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2nd Cir. 1994).

4. Should the defendants argue to dismiss my complaint pursuant to Rule 12(b)(6) of the F.R.C.P. for failure to state a claim upon which relief can be granted is not warranted "unless it appears beyond doubt that the plaintiff can not prove no set of facts to support of [her] claim which would entitle [her] to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

II. CLAIM OF RELIEF

5. The defendants have caused me great pain, suffering, and duress from their continuation of harassing me such as following me around town and their own failure to protect and serve in my interest. I have suffered defamation, humiliation,

shame, fear, excessive trauma by the defendants who still continue to tell the neighborhood that I am mentally ill which is false but was created by the defendants due to their lack of competence. (See Exhibit B.) If I were mentally ill, the defendants should be ashamed of themselves of their treatment of me; then, if I am not mentally ill, the defendants should also be ashamed in their treatment of me. The defendants lack of sense and knowledge due to their incompetence of their treatment of me whether I am mentally ill or not, is just cause that the defendants actions were willful, egregious, negligent, demeaning, and shameful.

6. I ask in excess of $75,000 for pain and suffering, duress, emotional duress, and trauma from each defendant for violating my right 1st amendment right to redress my grievance against the defendants who retaliated and harassed me daily by following me, trespassing, intimidation, and their continuation of following me. The acts of the defendants of violating my 1st amendment rights was vindictive and callous.

7. The defendants should also clear my false criminal that was a product of their own incompetence and misconduct., I proved in this very Court that it was Diana Law and Gena Butler who harassed and defrauded me and not vice versa.

## STANDARD FOR SUMMARY JUDGMENT

8. Pursuant to Rule 56 of the F.R.C.P., Plaintiff Marczeski hereby move this Court to enter judgment in her favor as there EXISTS real genuine issue as to material facts and the plaintiff is entitled as a matter of law.

9. The standard for granting summary judgment is well-known. It is properly

granted when the trial court determines "that there are 'real' genuine issues as to any material fact and that the moving party is entitled to a judgment as matter of law. Summary judgment is a "wholesome," "useful," or "salutary" procedural device by which needless trials may be avoided. *Quinn v Syracuse Model Neighborhood Corp.*, 613 F.2n 438 (1980, CA2NY). The purpose of summary judgment is to achieve a quick resolution of a dispute when there is no necessity for a trial.

## ARGUMENT

### CLAIM III: DITTMAN AND GAVITT

1. In meeting Dittman, the date was 1-27-97, he bursted into my apt with an unknown whom I felt that they were to rob and rape me since I was not shown any identification. Dittman wore a baseball jacket and jeans, and the unknown wore jeans and a red flannel shirt. Both were intoxicated when they entered my apt. Dittman searched my apt without a warrant without a warrant and took property.

2. Dittman stated at that time that I was mentally ill as I lived in a dark apt. All the apts are dark, Dittman also lived there once, thus, all people living in the dark must be mentally ill according to Dittman who merely holds a high school diploma and no medical degree. I was working at the time (as in casino workers), I worked the night shift and slept in the day. I do not think anyone could sleep with the sun shining in one's eyes. It actually does not matter but many people work different shifts and most night workers sleep in the day in a dark apt.

3. During that same time frame, I also spoke to Gavitt who insisted that if I go get

mental health help, the harassment charges would be drop. They did not get dropped. Diana Law who worked for MCIWORLDCOM stated "that if Marczeski did harass you, then have her arrested and convicted or seek employment else where (MCI supervisor).

4. I did seek help at the VA Medical Center due to excessively threatening phone calls from Law (the defendants ignored her harassment of me claiming I was mentally ill by Law's actions and persuasion). The VA gave me sleeping pills. In speaking to Gavitt, he merely stated "sweet dreams".

5.. I filed a civil action against Dittman 3:99CV02479 (AWT) of whom I had to dismiss to preserve diversity. The Honorable Thomas merely wanted Diana Law and Gena Butler who he found in His court also harassed me, defrauded, but I got emotional duress. I had to dismiss all defendants in order to sue Law and Butler.

6. I was allowed to re-file my civil action against Dittman and Gavitt.

7. During the time of the false arrest of me by Gavitt and Dittman, and by filing two civil actions against them, the defendants had me harassed, stalked, refused to do their sworn duty to protect and serve, followed me daily up or down the street in order to scare me to withdraw my civil action or face consequences such as further arrests. The defendants also ruined my reputation by stating to my management personnel that I was mentally ill, thus, I would be evicted.

6. Upon the U.S. Marshal serving the defendants, a police officer was at my door to arrest me. I hid in the bathroom and was frightened. I thought I was going to get arrested for having them served by the U.S. Marshall.

5

7. The actual truth of the police, especially, the defendants having me harassed by other police officers that I do not even know began in 1-27-97 to present. The question is why would police officers that I do not even know but know me follow me around daily. The answer is that not just the New London Police Dept. but most all police departments use a 'blue code of silence' in protecting each other from reprimand, civil actions, and even go the extent to lie which I found Dittman did in my case. For example, Dittman stated that a Discordia was at my apt on 1-27-97. This is untrue. It was an unknown officer who is an under cover narc but Discordia was taking the blame to keep his identity concealed.

8. Exhibit (A) is a list of my logging of the defendants harassment of me from 1997 to the present.

IV. RETALIATION CLAIM - stating a claim

9. In my right to redress the courts, I am claiming my 1st amendment right to petitioned the Court to redress my grievances *Bill Johnson's Rests., Inc. v. NLRB*, 461 U.S. 731, 741 (1983); see also *California Motor Transportation Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972). My right can not be impaired, either directly . . . or indirectly, by threatening or harassing an [individual] in retaliation for filing [a] lawsuit. *Harrison v. Springdale Water & Sewer Comm'm*, 780 F.2d 1422, 1428 (8th Cir. 1986). The courts have made it clear that a state actor may not take retaliatory action against an individual that is designed or intended to punish him or her for having exercised his constitutional right to seek judicial relief. I claim that the defendants were clear in their vindictiveness against

the plaintiff and that the defendants did not harass me until I filed the original civil action and this civil action. It was the defendants 'true motive' to violate my 1st amendment rights to harass me to prevent me from filing or addressing the court with my grievance which is my constitutional right. The defendants violated that right for me to address the court.

10. Therefore, I feel there is sufficient to state a claim for retaliation under S 1983. *See Bristow v Clevenger*, 29 Fed. Appx. 813, 814 (3d Cir. 2002).

11. In oral interrogatories, I submitted my calendars with dates, times, male or female as well as a log to show that the defendants were following on a daily basis to harass me.

12. I have also submitted the calendars with dates and times as well as my list of logs of the police harassing and trespassing to this Court. The document is dated April 8, 2003. Since the Court, defendants and myself have copies of the same document, I will only mention it rather than re-produce the calendars again. I transferred the dates, times, and events on the calendar to reflect the Exhibit (A) which is the "logs of the New London Police following me etc.

V. SHIELD OF IMMUNITY

1. Should the defendants claim the shield of qualified immunity, it does not apply in this case. The defendants have only recently received mental health training and in doing research on the police receiving harassment training, I found that the defendants received none. I called "The Day" newspaper which has a library and can archive any articles regarding the police. The librarian states she found no

record of the New London Police receiving any harassment training. Wherefore, the defendants are not entitled to any qualified shield of immunity because of lack of adequate training in exercising professional judgment in making decisions. *Huges v. Rowe*, the State held the police liable under due process for failing to protect, mistreatment which includes harassment. Doe v. *N.Y. City of Social Services*, 649 F2d 134, 141-142 (CA 2 1981), the defendants were denied qualified immunity from not attaining recent and current mental health records where the defendants were found to have inadequate training and gross negligence. Cities can be held responsible for providing training for police officers so that the officers may be aware of civil rights and violating those rights. *Valley v Briggs* 475 U.S. 335, 341 (1986) - may not be liable for the mistake of its officers on a respondent Superior basis, it is not entitled to the shield of qualified immunity afforded to its officers.

2. In order for the defendants to be afforded the shield of qualified immunity, it is a three-part analysis: (1) identify the specific right violated; (2) determine whether the right was clearly 'established' and; (3) determine whether a reasonable officer could have believed that his or her conduct was lawful.

3. In identifying the specific right, the defendants violated my 1st amendment right to petition the Government for a redress of grievances.

4. In determining whether my right is clearly established; the 1st amendment is guaranteed by the U.S. Constitution.

5. In determining whether the officers conduct was lawful; the answer is no it is

not lawful to harass, following, threaten, intimidate a citizen by involving other parties to discourage my 1st amendment right to redress the court with my grievances. The defendants became vindictive in having the entire police department take part in following me, trespassing to get information off my auto, watching me taking things out of my truck while blocking traffic to observe me, and no the defendants were not reasonable in believing their conduct was lawful.

*Habiger v. City of Fargo* No 95-1574 U.S Court of Appeals, 8th Cir.

CONCLUSION

1. I have tried to make my motion for summary judgment to the best of my ability.
2. The defendants mannerism toward me was not one with dignity but with vindictiveness. On 2-18-04, NL52 was tail-gating me. I was nervous such as "am I speeding...going to slow....". I was so nervous that I could had stepped on the brakes accidentally causing NL52 to rear end me. However, the defendants would blame me as they state that I am mentally ill and should not be driving a auto.
3. Another day, a New London police officer was infront of me stretching his neck to see my emissions sticker and another New London police officer was behind me, boxing me in. The police finally got brave and came to my residence, got out of the police car and took all the information such as plates expiration and emissions information from my truck.
4. It has been a nightmare to say the least. I do not know how many times I called the police for assistance and they refused because they deem me as mentally ill.
5. Whether I am mentally ill or not, no one should have to be maltreated in this

manner that is so vindictive and egregious.

6. On the other hand, for the defendants stating that I am mentally ill, I feel that I have done the best to my ability in presenting my grievance to this Court. I comprehend the F.R.C. P. better now and I learned how to do research. I do not understand why the defendants can not face the truth rather than covering up the truth which is a daily practice for them.

7. I believe in God and hope that someday this gross negligence of being falsely arrested, falsely incarcerated, and harassed by the New London Police will come to an end. I do want to move on and in trying to represent myself is not easy as it becomes emotional when I should be focusing.

8. Exhibit (E) notes in center of page that I have no clinical depression, , I have presented myself as reality oriented, goal-oriented, no evidence of clinical or psychiatric depression, not on medication and Pincay states "will stay this way as far as I am (Pincay) concerned. This is dated 7/24/02.

9. Exhibit (F) are notes from Carol Richards my clinical Social Worker MSW who notes my concerns and the stress I have endured by the defendants vindictive harassment of me by following me around town.

   I respectfully submitted my motion for summary judgment in my favor.

   WHEREFORE, Plaintiff respectfully requests that her Dispositive Motion be granted and that Judgment be entered against the Defendants, together with costs and such further relief as this Court may deem just proper and equitable.

Date: May 25, 2004

BY: *[signature: Elizabeth S.]*   5/25/04
ELIZABETH MARCZESKI
206 B Nautilus Dr. #104
New London, CT 06320
(860) 440-3541

## CERTIFICATION

I hereby certify that a copy of the foregoing has been sent first class, U.S. mail, on this 26th day of May, 2004, to the following.

James N. Tallberg
Updike, Kelly, & Spellacy, P.C.
One State St.
Hartford, CT  06123

Brian K. Estep
Conway & Londregan, P.C.
38 Huntington St.
New London, CT  06320

Ralph J. Monaco, esq.
Conway & Londregan
38 Huntington St.
New London, CT  06320

*[signature]*  5/25/04
Elizabeth A. Marczeski
206 B Nautilus Dr. #104
New London, CT  06320
(860) 440-3541