# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIZABETH A. MARCZESKI | : CIVIL ACTION NO. 3:02CV00894 (SRU) |
| Plaintiff | : |
| v. | : |
| WILLIAM GAVITT AND WILLIAM DITTMAN | : |
| Defendants. | : JUNE 1, 2004 |

## LOCAL RULE 56(c)(1) STATEMENT IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56(c) of the Local Rules of Civil Procedure, the defendants, Deputy Chief William Gavitt and Captain William Dittman, respectfully offer the following Statement of Undisputed Material Facts in support of their Motion for Summary Judgment.

1. The plaintiff, Elizabeth Marczeski, resides in an apartment at 206B Nautilus Drive Apartment 104 in New London, Connecticut. Deposition of Elizabeth A. Marczeski, dated September 9, 2003, at 14 ("Marczeski Dep.") (attached to Defendant's Motion for Summary Judgment as Exhibit A).

364090

2. On June 28, 1998, Ms. Marczeski was arrested by the New London Police Department on a charge of harassment in the second degree. Affidavit of William Gavitt, dated June 1, 2004, ¶ 4 ("Gavitt Aff.") (attached to Defendant's Motion for Summary Judgment as Exhibit B).

3. Ms. Marczeski was arrested pursuant to a warrant obtained by Captain William Dittman of the New London Police Department. Affidavit of William Dittman, dated June 1, 2004, ¶ 4 ("Dittman Aff.") (attached to Defendant's Motion for Summary Judgment as Exhibit C).

4. Captain Dittman obtained the warrant after conducting an investigation into complaints about Ms. Marczeski that he received from Diana Law of Colorado Springs, Colorado. Dittman Aff. ¶ 4.

5. After her arrest, Ms. Marczeski was adjudged incompetent to stand trial on the harassment charge and was committed to Connecticut Valley Hospital. Dittman Aff. ¶ 6.

6. After her hospitalization, Ms. Marczeski filed a lawsuit in the District Court for the District of Connecticut against Diana Law, Captain Dittman, Deputy Chief Gavitt, and other individuals, including other members of the New London Police Department (the "Kamba Action"). Dittman Aff. ¶ 7.

7. In the Kamba Action, Ms. Marczeski claimed that the defendants Dittman and Gavitt, among others, violated her civil rights and liberties, harassed and intimidated her, coerced her,

labeled and slander her with statements that she was mentally ill, threatened to arrest and engaged in wrongful search and seizure. Dittman Aff. ¶ 8.

8.  All of Ms. Marczeski's claims against Captain Dittman and Deputy Chief Gavitt were dismissed. Dittman Aff. ¶ 9.

9.  Ms. Marczeski then brought the present action alleging that in retaliation for her filing the Kamba Action, Captain Dittman and Deputy Chief Gavitt have stalked and harassed her. Amended Compl. ¶ 18.

10. Contrary to Ms. Marczeski's allegation that Deputy Chief Gavitt has stalked or harassed her, Deputy Chief Gavitt has never visited Ms. Marczeski's apartment. Gavitt Aff. ¶ 9.

11. Deputy Chief Gavitt has never followed or approached Ms. Marczeski. Gavitt Aff. ¶ 10.

12. Moreover, subsequent to her filing of the Kamba Action, Deputy Chief Gavitt has not had any contact with Ms. Marczeski, whatsoever. Gavitt Aff. ¶ 11.

13. Likewise, subsequent to her filing Kamba Action, Captain Dittman has not visited Ms. Marczeski's apartment. Dittman Aff. 10.

14. Subsequent to Ms. Marczeski's filing of the Kamba Action, Captain Dittman has not followed or approached Ms. Marczeski. Dittman Aff. ¶ 11.

15. Subsequent to Ms. Marczeski's filing of the Kamba Action, Captain Dittman has not had any contact with Ms. Marczeski, whatsoever. Dittman Aff. ¶ 12.

16. Ms. Marczeski admitted as much in her deposition:

> Q. Am I correct, though, just so the record is clear, that you've never seen Captain Dittman or Deputy Chief Gavitt following you around in a police car?
> A. No.
>
> Q. Mr. Dittman hasn't been to you apartment since before your June 24, 1998 arrest, is that correct?
> A. No.

Marczeski Dep. at 61.

17. Moreover, Ms. Marczeski kept a log of each instance in which she was allegedly harassed or stalked by members of the New London Police Department. Marczeski Dep. at 67.

18. Ms. Marczeski admits that the facts that support her claim of retaliation by Deputy Chief Gavitt and/or Captain Dittman are limited to the incidents in the log. Marczeski Dep. at 75.

19. She also admits that none of the log entries say anything regarding Captain Dittman or Deputy Chief Gavitt:

> Q. There's no documentation . . . in that log about any alleged harassment by Mr. Gavitt or Mr. Dittman . . . correct?
>
> A. Correct.

Marczeski Dep. at 71.

20. Since the filing of the Kamba Action, the New London Police Department has dispatched officers to 206 Nautilus Drive. Affidavit of Michael Lacey, dated June 1, 2004, ¶ 6 ("Lacey Aff.") (attached to Defendant Motion for Summary Judgment as Exhibit D).

21. 206 Nautilus Drive, however is a large apartment complex, with several individual units. Lacey Aff. ¶ 6.

22. From 1999 through 2002, the New London Police Department investigated numerous complaints by and about the residents of 206 Nautilus Drive. Lacey Aff. ¶ 7.

23. These complaints varied in nature and included complaints regarding noise, parking, suspicious persons, larceny, animal complaints, drug sales, domestic violence, criminal mischief, and in one case, a dead body. Lacey Aff. ¶ 11.

24. In short, throughout 1999 through 2002, the members of the New London Police Department were dispatched to 206 Nautilus Drive on several occasions to investigate incidents that did not involve Ms. Marczeski. Lacey Aff. ¶ 12.

25. The New London Police Department records indicate that police have been dispatched to deal directly with Ms. Marczeski on only two occasions since Ms. Marczeski filed her first lawsuit, and in both cases, it was Ms. Marczeski who contacted the police. Lacey Aff. ¶ 12.

26. On June 19, 2001, Ms. Marczeski called the New London Police to complain that she had been assaulted by a neighbor, Daniel Sligar. Lacey Aff. ¶ 13.

27. New London police officers, other than Captain Dittman and Deputy Chief Gavitt, were dispatched to the scene. Lacey Aff. ¶ 14.

28. Mr. Sligar was arrested, charged with assault, and ultimately sentenced to thirty (30) days in prison as a result of the incident. Lacey Aff. ¶ 15.

29. On April 6, 2003, Ms. Marczeski called the New London Police Department to make a complaint with respect to another neighbor, Laura Charlton. Lacey Aff. ¶ 17.

30. Again, New London police officers, other than Captain Dittman and Deputy Chief Gavitt, were dispatched to the scene. Lacey Aff. ¶ 20.

31. Ms. Marczeski did not press charges as a result of the incident involving Laura Charlton, and actually received a thank you note from her for not doing so. Marczeski Dep. at 81.

32. Ms. Marczeski claims that New London Police Officers visited her apartment on two other occasions, but with respect to this claim, she acknowledges that she was the person who telephoned the police and that the defendants, Captain Dittman and Deputy Chief Gavitt did not respond to either call. Marczeski Dep. at 85-89.

33. Finally, with respect to Ms. Marczeski's claims that she is being stalked and/or harassed by the New London Police Department, it should be noted that Ms. Marczeski's apartment complex is located only two and a half miles away from the New London Police Station. Dittman Aff. ¶ 17.

34. Given the proximity between Ms. Marczeski's home and the police station, it is reasonable to believe that Ms. Marczeski would see or inadvertently encounter officers of the New London Police Department on a fairly regular basis. Dittman Aff. ¶ 18.

DEFENDANTS,
WILLIAM GAVITT
AND WILLIAM DITTMAN

By:_____
    JAMES N. TALLBERG, ESQ.
    Federal Bar Number ct 17849
    Updike, Kelly & Spellacy, P.C.
    One State Street
    Hartford, CT 06123-1277
    Tel. (860) 548-2600