# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIZABETH A. MARCZESKI | CIVIL ACTION NO. 3:02CV00894 (SRU) |
| Plaintiff | |
| v. | |
| WILLIAM GAVITT AND WILLIAM DITTMAN | |
| Defendants. | JUNE 1, 2004 |

FILED 2004 JUN -2 A 10: 1 U.S. DISTRICT COURT BRIDGEPORT, CONN

## NOTICE TO PRO SE LITIGANT OPPOSING MOTION FOR SUMMARY JUDGMENT AS REQUIRED BY LOCAL RULE OF CIVIL PROCEDURE 56(b)

The purpose of this notice, which is required by the Court, is to notify you that the defendant has filed a motion for summary judgment asking the Court to dismiss all or some of your claims without a trial. The defendant argues that there is no need for a trial with regard to these claims because no reasonable jury could return a verdict in your favor.

THE DEFENDANT'S MOTION MAY BE GRANTED AND YOUR CLAIMS MAY BE DISMISSED WITHOUT FURTHER NOTICE IF YOU DO NOT FILE PAPERS AS REQUIRED BY RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND RULE 56 OF THE LOCAL RULES OF CIVIL PROCEDURE. COPIES OF THESE RULES ARE ATTACHED TO THIS NOTICE, AND YOU SHOULD REVIEW THEM VERY CAREFULLY.

358729

The papers you file must show that (1) you disagree with the defendant's version of the facts; (2) you have evidence contradicting the defendant's version; and (3) the evidence you rely on, if believed by a jury, would be sufficient to support a verdict in your favor.

To make this showing, you must file one or more affidavits disputing the defendant's version of the facts. An affidavit is a sworn statement by a witness that the facts contained in the affidavit are true to the best of the witness's knowledge and belief. To be considered by the Court, an affidavit must be signed and sworn to in the presence of a notary public or other person authorized to administer oaths. In addition to affidavits, you may also file deposition transcripts, responses to discovery requests, and other evidence that supports your claims.

If you fail to submit evidence contradicting the defendant's version of the facts, your claims may be dismissed without further notice. It is therefore very important that you read the defendant's motion, memorandum of law, affidavits, and other evidentiary materials to see if you agree or disagree with the defendant's version of the relevant facts. It is also very important that you review the enclosed copy of Rule 56 of the Local Rules of Civil Procedure carefully. This rule provides detailed instructions concerning the papers you must file in opposition to the defendant's motion, including how you must respond to specific facts the defendant claims are undisputed (see Rule 56(a)(2) and how you must support your claims with specific references to evidence (see Rule 56(a)(3). If you fail to follow these instructions, the defendant's motion may be granted.

You must file your opposition papers with the Clerk of the Court and mail a copy to the defendant's counsel within 21 days of the filing of the defendant's motion with the Clerk of the Court. This 21-day period is extended an additional three days if any of the conditions of Rule 6(e) of the Federal Rules of Civil Procedure are met (for example, if you received the defendant's motion by mail or overnight delivery service). A copy of Rule 56 of the Local Rules and the Federal Rules is attached hereto.

          Respectfully submitted,
          DEFENDANTS,
          WILLIAM GAVITT and WILLIAM DITTMAN

By: _____
     JAMES N. TALLBERG, ESQ.
     Federal Bar Number ct17849
     Updike, Kelly & Spellacy, P.C.
     One State Street
     P.O. Box 231277
     Hartford, CT 06123-1277
     Tel. (860) 548-2600

**CERTIFICATION OF SERVICE**

A copy of the foregoing has been mailed by first class mail, postage prepaid, this 1st day of June 2004 to the following pro se parties and counsel of record:

Elizabeth A. Marczeski
206 B Nautilus Drive, #104
New London, CT 06320

By: _____
JAMES N. TALLBERG, ESQ.
Updike, Kelly & Spellacy, P.C.

judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

**(d) Plaintiffs, Counterclaimants, Cross-Claimants.** The provisions of this rule apply whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff, or a party who has pleaded a cross-claim or counterclaim. In all cases a judgment by default is subject to the limitations of Rule 54(c).

**(e) Judgment Against the United States.** No judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.

[Amended March 2, 1987, effective August 1, 1987.]

## RULE 56. SUMMARY JUDGMENT

**(a) For Claimant.** A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

**(b) For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

**(c) Motion and Proceedings Thereon.** The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**(d) Case Not Fully Adjudicated on Motion.** If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy, including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

**(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

**(f) When Affidavits Are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**(g) Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

[Amended December 27, 1946, effective March 19, 1948; January 21, 1963, effective July 1, 1963; March 2, 1987, effective August 1, 1987.]

## RULE 57. DECLARATORY JUDGMENTS

The procedure for obtaining a declaratory judgment pursuant to Title 28, U.S.C., § 2201, shall be in accordance with these rules, and the right to trial by jury may be demanded under the circumstances and in the manner provided in Rules 38 and 39. The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar.

[Amended December 29, 1948, effective October 20, 1949.]

(iii) Copies of pleadings are not allowed as costs. However, the cost of exhibits appended to a successful motion for summary judgment are allowable.

4. *Fees for Witnesses.*

(i) Witness fees are taxable when the witness has actually testified or was necessarily in attendance at trial and whether or not the witness voluntarily attended or was present under subpoena. Witness fees for attendance at a deposition are recoverable if the deposition is a taxable cost. Witness fees for officers of a corporation are taxable provided that such witnesses are not named parties to the action. Fees for expert witnesses are taxable at the same rates as any other witness. Any amounts in excess of the statutory limits are not taxable. Fees for a competent interpreter are taxable if the fees of the witness involved are taxable.

(ii) Fees for subsistence are taxable if the distance from the Court to the residence of the witness is such that mileage fees would be greater than subsistence fees if the witness were to return to the residence every day. Additional claims for subsistence when the witness has testified and remains in attendance for the convenience of counsel shall not be taxable.

(iii) Mileage shall be taxable at the statutory rate. The "100–mile" rule which limits the total taxable mileage of a witness to 200 miles round trip, will not be applied where it has been demonstrated that the witness' testimony was relevant and material and had a bearing on essential issues of the case. Fees of common carriers are also taxable at coach fare rates. Receipts for common carrier expenses shall be appended to the bill of costs. Miscellaneous toll charges, parking fees, taxicab fares between places of lodging and carrier terminals, are also taxable.

5. *Maps, Charts, Models, Photographs, Summaries, Computations and Statistical Summaries.* The cost of maps and charts are taxable as costs only if admitted into evidence and only if they are not greater than 8 1/2 × 11 in size. Costs for enlargements greater than 8 1/2 × 11 or for models, are not taxable unless by order of the Court. Compilations of summaries, computations and statistical comparisons are also not taxable unless by order of the Court.

6. *Other Items Taxable as Costs Are as Follows*.

(i) Fees to masters, receivers and commissioners, unless otherwise ordered by the Court;

(ii) Premiums paid upon all bonds provided pursuant to statute, rule of Court, order of Court, or stipulation of parties, including bonds in lieu of or in release of attachment, may be taxed as costs to the prevailing party, subject to disallowance entirely or in part by the Court in its discretion;

(iii) Fees incurred in removing a case from state Court, including the fees for service of process in the state Court and fees for witnesses attending depositions prior to removal.

7. *Items Not Taxable as Costs.* In addition to any limitations addressed in the preceding sections, the following items are not recoverable as costs, unless by order of the Court:

(i) Filing fees for cases initiated by the United States;

(ii) Service of process fees for discovery subpoenas;

(iii) Copies of trial transcripts in excess of an original plus one copy;

(iv) Costs of an expedited or daily copy transcript produced for the convenience of counsel;

(v) Counsel's fees and expenses in arranging for and traveling to a deposition or trial;

(vi) Fees of any named party to the action;

(vii) Compensation for an expert witness in excess of the statutorily allowed limits;

(viii) Subsistence fees for witnesses in attendance at trial or deposition, beyond the time of testimony by the witness;

(ix) Attorneys' fees incurred in attending depositions, conferences or trial, including expenses for investigations;

(x) Word processing or typing charges;

(xi) Computerized legal research fees;

(xii) Paralegal expenses;

(xiii) Pre-judgment and post-judgment interest;

(xiv) Costs for maps, charts and photographs greater than 8 1/2 × 11 in size, as well as costs for producing models;

(xv) Copies of pleadings retained by counsel or served on opposing counsel;

(xvi) Telephone calls by counsel, general postage expense of counsel, Federal Express or other express mail service costs.

(d) **Review of the Clerk's Ruling.** Any party may, within five (5) days of the entry of the Clerk's ruling, apply to the Judge before whom the case was assigned for review of the Clerk's ruling on the bill of costs. Such application shall specify which portions of the Clerk's ruling are the subject of the objection and shall specify the reasons therefor. Any other party may respond to such objection within five (5) days of the filing of such objection.

[Effective January 1, 2003.]

## RULE 55. (RESERVED)

## RULE 56. SUMMARY JUDGMENT

(a) **Motions for Summary Judgment**

1. There shall be annexed to a motion for summary judgment a document entitled "Local Rule

56(a)1 Statement," which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2.

2. The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied. The Local Rule 56(a)2 Statement must also include in a separate section entitled "Disputed Issues of Material Fact" a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

3. Each statement of material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2 Statement, and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a)1 and 2 Statements in conformity with Fed. R. Civ. P. 56(e). Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in sanctions, including, when the movant fails to comply, an order denying the motion for summary judgment, and, when the opponent fails to comply, an order granting the motion.

4. The Local Rule 56(a)1 and 2 Statements referred to above shall be filed and served along with the motion, memorandum of law and certificate of service required by Local Rule 7 and the Federal Rule of Civil Procedure 56.

**(b) Notice to Pro Se Litigants Regarding Summary Judgment.** Any represented party moving for summary judgment against a party proceeding pro se shall file and serve, as a separate document, in the form set forth below, a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment." If the pro se party is not a plaintiff, or if the case is to be tried to the Court rather than to a jury, the movant will modify the notice accordingly. The movant shall attach to the notice copies of the full text of Rule 56 of the Federal Rules of Civil Procedure and of this Local Civil Rule 56.

[Effective January 1, 2003; amended effective August 1, 2003.]

### Notice to Pro Se Litigant Opposing Motion For Summary Judgment As Required by Local Rule of Civil Procedure 56(b)

The purpose of this notice, which is required by the Court, is to notify you that the defendant has filed a motion for summary judgment asking the Court to dismiss all or some of your claims without a trial. The defendant argues that there is no need for a trial with regard to these claims because no reasonable jury could return a verdict in your favor.

THE DEFENDANT'S MOTION MAY BE GRANTED AND YOUR CLAIMS MAY BE DISMISSED WITHOUT FURTHER NOTICE IF YOU DO NOT FILE PAPERS AS REQUIRED BY RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND RULE 56 OF THE LOCAL RULES OF CIVIL PROCEDURE. COPIES OF THESE RULES ARE ATTACHED TO THIS NOTICE, AND YOU SHOULD REVIEW THEM VERY CAREFULLY.

The papers you file must show that (1) you disagree with the defendant's version of the facts; (2) you have evidence contradicting the defendant's version; and (3) the evidence you rely on, if believed by a jury, would be sufficient to support a verdict in your favor.

To make this showing, you must file one or more affidavits disputing the defendant's version of the facts. An affidavit is a sworn statement by a witness that the facts contained in the affidavit are true to the best of the witness's knowledge and belief. To be considered by the Court, an affidavit must be signed and sworn to in the presence of a notary public or other person authorized to administer oaths. In addition to affidavits, you may also file deposition transcripts, responses to discovery requests, and other evidence that supports your claims.

If you fail to submit evidence contradicting the defendant's version of the facts, your claims may be dismissed without further notice. It is therefore very important that you read the defendant's motion, memorandum of law, affidavits, and other evidentiary materials to see if you agree or disagree with the defendant's version of the relevant facts. It is also very important that you review the enclosed copy of Rule 56 of the Local Rules of Civil Procedure carefully. This rule provides detailed instructions concerning the papers you must file in opposition to the defendant's motion, including how you must respond to specific facts the defendant claims are undisputed (see Rule 56(a)(2) and how you must support your claims with specific references to evidence (see Rule 56(a)(3). If you fail to follow these instructions, the defendant's motion may be granted.

You must file your opposition papers with the Clerk of the Court and mail a copy to the defendant's counsel within 21 days of the filing of the defendant's motion with the Clerk of the Court. This 21-day

period is extended an additional three days if any of the conditions of Rule 6(e) of the Federal Rules of Civil Procedure are met (for example, if you received the defendant's motion by mail or overnight delivery service).

### RULE 57—RULE 66. (RESERVED)

### RULE 67. DEPOSIT OF FUNDS IN COURT REGISTRY

**(a) Order for Deposit in Interest Bearing Account.** Whenever a party seeks a Court order for money to be deposited by the Clerk in an interest-bearing account, the party shall file the order with the Clerk, who shall inspect the proposed order for proper form and content and compliance with this Rule prior to signature by the Judge for whom the order is prepared.

**(b) Orders Directing Investment of Funds by Clerk.** Any order obtained by a party or parties in an action that directs the Clerk to invest in an interest-bearing account or instrument funds deposited in the registry of the Court pursuant to 28 U.S.C. § 2041 shall include the following: (1) the amount to be invested; (2) the designation of the type of account or instrument in which the funds shall be invested; and (3) a direction that the Clerk deduct from the income earned on the investment a fee of ten percent (10%), whenever such income becomes available for deduction in the investment so held and without further order of the Court.

**(c) Release of Deposited Funds.** Upon final determination of the action or at such other times as may be appropriate, a party or parties may seek a Court order releasing deposited funds, by submitting a proposed order which shall contain the following information: (1) the name, address and taxpayer identification number of any individual(s) or corporation(s) receiving the funds; and (2) the amount of principal and interest to be paid to any individual(s) or corporation(s). Funds cannot be released from the registry account of the Court without a Court order.

**(d) Registry Account.** For the purpose of this Rule, the Registry Account of Court is held in Fleet Bank, 157 Church Street, New Haven, CT 06510.

[Effective January 1, 2003.]

### RULE 68. OFFER OF JUDGMENT

When an offer of judgment is filed pursuant to Connecticut General Statute, § 52-192a or § 52-193, the offer of judgment shall be filed in a sealed envelope bearing the caption of the case, the case number and the caption of the document. The document shall remain under seal until (a) the filing of an acceptance of the offer of judgment at which time the clerk shall enter judgment, or (b) after trial to allow the court to decide whether the plaintiff is entitled to additional interest on the amount recovered, or (c) when the clerk retires the record to the Federal Record Center.

[Effective January 1, 2003.]

### RULE 69–RULE 71. (RESERVED)

### RULES 72 AND 73. SEE LOCAL RULES FOR UNITED STATES MAGISTRATE JUDGES

### RULES 74—RULE 76. (RESERVED)

### RULE 77.1 ENTRY OF ORDERS AND JUDGMENTS

**(a) By the Court.**

1. A memorandum signed by the Judge or Magistrate of the decision of a motion that does not finally determine all claims for relief shall constitute the required order unless such memorandum directs the submission or settlement of an order in more extended form.

2. The notation in the appropriate docket of an "order," as defined in the previous paragraph, shall constitute the entry of the order.

3. Unless otherwise directed by the Court, proposed orders, judgments and decrees shall be presented to the Clerk's office, and not directly to the Judge. Unless the form of order, judgment, or decree is consented to in writing, or unless the Court otherwise directs, five (5) days' notice of settlement is required. Three (3) days' notice is required on all counter proposals. Unless adopted by the Court, such proposed orders, judgments or decrees shall not form any part of the record of the action.

**(b) By the Clerk.** In addition to the other orders that the Clerk is authorized to sign and enter pursuant to these Local Rules or the Federal Rules of Civil Procedure, the Clerk is authorized to sign and enter the following orders and judgments without further direction of the Court:

1. Consent judgments for the payment of money; orders on consent dismissing actions, withdrawing stipulations, exonerating sureties and permitting visiting lawyers to appear; orders setting aside defaults entered under Fed. R. Civ. P. 55(a); and orders entered pursuant to Fed. R. Civ. P. 4.1(a) specially appointing persons to serve process other than a summons or subpoena.

2. Orders on consent for the substitution of attorneys in cases not assigned for trial.

3. Subject to the provisions of Fed. R. Civ. P. 54(b) and 58, judgments upon a general verdict of a jury, or upon a decision by the Court unless the Court otherwise directs. Every judgment shall be set forth on a separate document and shall become effective only