UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELIZABETH A. MARCZESKI<br>Plaintiff | CIVIL ACTION NO. 3:02CV00894(SRU) |
| v. | |
| WILLIAM GAVITT<br>AND WILLIAM DITTMAN<br>Defendants | JUNE 21, 2004 |

### DEFENDANTS' OPPOSITION TO
### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The defendants, William Gavitt and William Dittman, respectfully submit this opposition to the plaintiff's Motion for Summary Judgment, dated May 23, 2004. Plaintiff's motion mischaracterizes the evidence of the case, and cannot support her claim for summary judgment against the defendants. Moreover, in support of her Motion for Summary Judgment, the plaintiff, Elizabeth A. Marczeski, asserts that their "ARE real genuine issues of material facts." Her own assertion, based on her version of the facts, defeats her claim that summary judgment should be granted. For these reasons, plaintiff's Motion should be denied.

### BACKGROUND

On June 28, 1998, Ms. Marczeski was arrested by the New London Police Department on a charge of harassment in the second degree. The New London Police department made the arrest upon a valid warrant obtained by Captain Dittman after he had received complaints regarding Ms.

364722

Marczeski from Diana Law of Colorado Springs, Colorado. After her arrest, Ms. Marczeski was adjudged incompetent to stand trial on the harassment charge and was committed to Connecticut Valley Hospital.

After her hospitalization, Ms. Marczeski filed a lawsuit in the District Court for the District of Connecticut against Diana Law, Captain Dittman, Deputy Chief Gavitt, and other individuals, including other members of the New London Police Department (the "Kamba Action"). The Kamba Action was ultimately dismissed against Captain Dittman and Deputy Chief Gavitt. Plaintiff brought the present action and asserted several other claims in her Amended Complaint, including incidents of police harassment, false arrest, failure to act on the part of the New London Police Department, and finally that the defendants retaliated against her for filing the previous litigation in violation of her rights under the First Amendment of the United States Constitution. With the exception of her retaliation claim, this Court dismissed each of plaintiff's other claims upon consideration of the Defendants' Motion to Dismiss. Marczeski v. Brown, No. 3:02CV894 (GLG), Opinion, dated Nov. 21, 2002. Ms. Marczeski's only claim that survived the Motion to Dismiss is her claim of stalking, harassment and trespass in retaliation for filing the Kamba Action. This claim is directed toward only Captain Dittman and Deputy Chief Gavitt.

Plaintiff filed a Motion for Summary Judgment on the retaliation claim, dated May 23, 2004. She also filed a Memorandum, dated May 25, 2004, apparently in support of her claim that summary judgment should be granted in favor of the plaintiff. With respect to the retaliation claim, plaintiff argues that summary judgment should be granted because there "ARE real genuine issues of material facts and the plaintiff is entitled to judgment as a matter of law." Motion for Summary Judgment,

dated May 23, 2004, at 1. The plaintiff also restates her claim for retaliation by alleging that the defendants "retaliated and harassed [her] daily by following [her], trespassing, and their continuation of following [her]." Ms. Marczeski provides no evidence to support her claim of retaliation, let alone undisputed evidence. Accordingly, her motion for summary judgment should be denied.

## ARGUMENT

**I. PLAINTIFF'S EVIDENCE CANNOT SUPPORT HER CLAIM FOR SUMMARY JUDGMENT AGAINST THE DEFENDANTS.**

In order to sustain her claim for summary judgment, Ms. Marczeski must demonstrate that there are no genuine issues of material fact to be tried and that the facts as to which there is no issue warrant judgment for her, as a mater of law. Fed. R. Civ. P. 56(c); see generally Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The evidence accompanying Ms. Marczeski's motion does not support a judgment in favor of Ms. Marczeski as a matter of law.

In support of her summary judgment motion, Ms. Marczeski discusses alleged facts that are irrelevant to the retaliation claim currently pending before the Court. She claims that on January 27, 1997, Captain Dittman entered her apartment with another officer. She claims that she felt as though there were going to "rob and rape" her because they did not show her any identification when they entered her apartment. She also contends that "during that same time frame," she spoke to Deputy Chief Gavitt. She claims that he allegedly stated that the charges against Ms. Marczeski stemming from her arrest as a result of the incident with Diana Law would be dropped if she sought counseling.

Even if Ms. Marczeski had credible evidence to support these claims, the conduct that Ms. Marczeski describes in her motion is irrelevant to the claim presently before the court. As the court

364722                                                          3

noted when it decided the defendants' motion to dismiss, the only remaining claim pending against Captain Dittman and Deputy Chief Gavitt is a First Amendment retaliation claim. In short, Ms. Marczeski's complaint alleged that these two officers stalked and harassed her after she filed the Kamba Action against them. Ms. Marczeski's lawsuit was filed, however, in 1999, two years after the conduct described in the preceding paragraph. This evidence of this alleged activity in 1997 is wholly irrelevant to Ms. Marczeski's claim that Captain Dittman and Deputy Chief Gavitt retaliated against her after she filed the Kamba Action in 1999.

Ms. Marczeski also points to calendars with dates and times of alleged harassment by members of the New London police department. For reasons more fully discussed in the Defendants' Motion for Summary Judgment, dated June 1, 2004, the evidence contained in Ms. Marczeski's log cannot support judgment as a matter of law on her retaliation claim against defendants Gavitt and Dittman. First, Ms. Marczeski admitted at her deposition that none of the log entries refer or relate to Captain Dittman or Deputy Chief Gavitt. When specifically asked about whether the log supported a claim of harassment, Ms. Marczeski testified as follows:

> Q:   There's no documentation … in that log about any alleged harassment by Mr. Gavitt or Mr. Dittman … correct?
>
> A:   Correct.

Deposition of Elizabeth A. Marczeski, dated September 9, 2003, at 71.

Moreover, as fully detailed in the defendants' Motion for Summary Judgment, even assuming the log evidences some contact between Ms. Marczeski and the New London police, the activity described in the log does not support Ms. Marczeski's claim that the New London Police were

364722                                    4

harassing or stalking her in retaliation for the Kamba Action. In two incidents where police reports document contact between Ms. Marczeski and the New London Police, that contact arose out of instances in which Ms. Marczeski contacted the New London Police Department in need of assistance. Moreover, because of Ms. Marczeski's proximity to the police station, it is reasonably likely that in the period since she filed the Kamba Action, she would have innocently encountered the New London police many times. Moreover, the New London police responded to numerous calls by and about the residents of Ms. Marczeski's apartment complex that had absolutely nothing to do with her.

In sum, the evidence presented by Ms. Marczeski in support of her summary judgment motion cannot support judgment as a matter of law against the defendants. Accordingly, her motion must be denied.

## II. PLAINTIFF MISSTATES THE SUMMARY JUDGMENT STANDARD AND ASSERTS THAT THERE ARE ISSUES OF FACT IN DISPUTE.

Throughout her Motion for Summary Judgment, Ms. Marczeski claims that her motion should be granted, not because the undisputed facts demand judgment as a matter of law in her favor, but because there ARE real genuine issues of material facts. . ." Summary Judgment, dated May 23, 2004, at 1; see also Id. at 3 ("Plaintiff Marczeski hereby move [sic] this Court to enter judgment in her favor as there EXISTS real genuine issue as to material facts. . ."). As the Court is well aware, a Motion for Summary Judgment should be granted if the court determines that there is *no* genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the moving party as a matter of law. Fed. R. Civ. P. 56(c); see generally Celotex Corp. v. Catrett,

477 U.S. 317, 322-23 (1986); Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 202 (2d Cir. 1995). The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment. Adickes v. S. H. Kress & Co., 398 U.S. 144 (1970); Cronin, 46 F.3d at 202. Ms. Marczeski's claim that there are issues of fact in dispute defeats her request for summary judgment.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Summary Judgment should be denied.

>
> DEFENDANTS,
> WILLIAM GAVITT
> AND WILLIAM DITTMAN
>
> By: *James Tallberg* /msf
> JAMES N. TALLBERG, ESQ
> Federal Bar Number ct 17849
> Updike, Kelly & Spellacy, P.C.
> One State Street
> Hartford, CT 06123-1277
> Tel. (860) 548-2600

364722

## CERTIFICATION

A copy of the foregoing has been mailed by first class mail, postage prepaid, this 21st day of June 2004 to:

Elizabeth A. Marczeski
206 B Nautilus Drive, #104
New London, CT 06320

By: _____
JAMES N. TALLBERG, ESQ.