UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ELIZABETH MARCZESKI,   : CIVIL NO. 3:02CV000894 (SRU)
   Plaintiff

   v.

RICHARD BROWN, ET.AL.,   : June 28, 2005

PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT

   1. The defendants document dated June 28, 1998, in the opposition for plaintiff's Motion for summary judgment, page one, is in error. I was arrested on June 21 or 22 of June, 1998.

   2. Page 2 of the same document, first paragraph states that I was adjudged to be Incompetent to stand trial for harassment.

   3. To begin, my argument regarding that, I was sent to CVH(Connecticut Valley Hospital) based on fraud by the defendants. (See Exhibit A)

   4. Page three of the same document, as to disputed evidence, (See Exhibit B) I do have testimony notarized by a Norma Sligar witnessing the police follow me around town as to for example stopping in the middle of Montauk Avenue (2 police cars) to watch us unload furniture and groceries out of my truck. The third police car turned into the parking lot on Montauk where the Family Dollar store is located. Notarized testimony is under oath and is considered evidence. The know me (police) but I do not know them. One day I had a policeman in front of me, two police cars in back of me as I was going down Montauk avenue to visit Norma. I was boxed in by the police. Another time a police car was in front of me stretching his neck out to see if my

Emissions was expired and almost caused an accident in not paying attention to traffic in front of him. Another time while living the lot of my residence, a police car was tail gating me all the way down Ocean avenue.

5. In the defendants argument of page three, I continue to maintain that there are REAL genuine issues of material facts and the plaintiff is entitled to a judgment as a matter of law. (See Exhibit B)

The court is required to accept as true all factual allegations of the complaint and must draw all reasonable inferences in favor of the plaintiff. Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.), cert. denied, 513 U.S. 836 (1994)

6. The Court notes that this standard is "applied with even greater force where The plaintiff alleges civil rights violations or where the complaint is submitted pro se complaint, the Court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers." Haines b. Kerner, 404 U.S. 519, 520 (1972); see also Branham b. meachum, 77 F.3d 626, 628-29 (2nd Cir. 1996). Futhermore, the Court should interpret the plaintiff's complaint "to raise the strongest arguments [it] suggest [s]." Burgos v. Hopkins, 14 Fd3d 787, 790 (2nd Cir. 1994).

7. Page 5 of the same document, I do not live in the area near the police station. I live further and more closer to Ocean Beach Park than near the city where the police station is located.

8. Page 5 of the same document, I continue to state that this Court enter a judgment In plaintiff's favor because there are real genuine issues of material facts. Hernandez v. Couglin, 18 F.3d 133, 136 (2nd Cir 1994).

9. In the argument that the police violated my 1st amendment rights to petition the

Court to redress my grievance, the police retaliated against me by their harassment of me to discourage me and threaten me in the form of stalking and harassment to scare me for filing a grievance against the defendants.

10. Page 6, the defendants dispute my argument of real facts that are real and Genuine and summary judgment be granted in plaintiff's favor.

11. The defendants second document dated June 1, 2004, Local Rule 56©(1) statement in support of their motion for summary judgment, page 2, again the defendants continue to submit the false incarceration of me that was a product and misconduct of the defendants by their interpretation of document (Exhibit A). I was falsely sent there, as in very beginning the defendants (Dittman) coming to my apt. in January 1997, he told everyone on the East coast(NJ) to Texas that he was going to put me in a mental institution. Gavitt continued on the same matter as Diana Law convinced the defendants by cut and paste email that I was mentally ill. The document (Exhibit A) came from Diana Law who was desperate to have me arrested as she defrauded me. I invested in a publishing company that did not exist. Diana Law gave the document to Dittman, where he took on his own interpretation to mean mentally ill rather then the real meaning was that Diana Law and I were not familiar with the F.R.C.P.. The prosecutor (Steere) misrepresented the court by making Judge Handy believe that the Honorable Judge Goettel recommended that I be sent to CVH which is not true. The conduct of the defendants was a fraud and egregious.

12. Page 3 of the same document, line 10, Gavitt was suppose to interview me for a complaint I filed against Dittman for harassment when he and unknown entered by

apt on January 27, 1998. Gavitt never did interview me, however he did interview a Norma Sligar. Sligar related to Gavitt that I almost had a heart attack by the actions of Dittman. Gavitt also told Norma that I better file that civil action before Diana Law arrests me. Gavitt did not see me and merely dismissed my complaint that I sent to Richard Brown who is the City Manager of New London and of the Police department. Brown swept the complaint under the carpet. I claimed that Dittman harassed me when he entered my apt not police brutality. Dittman searched my apt. without a warrant or my permission and took property out of my apt. without a warrant. It was a street sign and had nothing to do with Law's complaint against me.

13. Page 3, of the same document, line 11, that is false. Gavitt being a Deputy Chief told all the police to follow me. I was told that by police who hang out Here at my residence in the lot across from me at 239 Nautilus Dr.

14. Page 4 of the same document, line 16, A. Dittman hasn't been…is that Correct? A. No. Dittman threatened me over the phone along with Detective Brown and others on a speaker phone that I threatened them. I stated where Did I say or use the word "threat?". Dittman stated he would re-arrest me again. Dittman gave my photo that was taken of me when I was falsely arrested to other police personnel, thus, the police all know me but I do not know them. There is not one New London Police Officer that does not know me because Dittman and Gavitt must have my photo on some bulletin board at the police Station.

15. Page 5, of the same document, line 24, the police do come down here on

many occasions. The complex is big and management continues to rent to drug dealers. However, according to Exhibit  , the defendants did come down here to sit in the lot and park behind my truck many times. For examplel a female police officer got out of the cruiser (Walker) and checked my emissions and expiration date of the sticker on my back license plate. I had a red sticker that the DMV told me to put there as it would take 14 weeks to get a new license plate as the DMV wanted everyone to have new plates and not the old dark blue plates.

16. Page 5, of the same document is true regarding Danny Sligar but I was not Happy with the out come. Sligar tried to strangle me and only got a mere 3rd degree assault charges. Danny Sligar is Dittman's "pet" who took him to see his home on Ocean avenue that is similar to the White House in D.C.

17. The other call to the police department was about a girl named Laura Charlton who assaulted me while intoxicated. Velez remained at the apt #103 And had sex with the other intoxicate girl. Velez was there for one hour until the police summoned him and he ran out of the residence. Velez was arrested 6 times but Avitt never does anything and dismisses the situation. The New London police investigate themselves which makes them corrupt. Most police departments are investigated by a out side party. One officer was drunk and waved a gun in front of children and did not get arrested. He was assigned to desk duty for a year and could not carry a gun for a year. Had anyone done what that officer did, would get 20 years to life in jail. But if one is a New London police officer, he/she is above the law.

18. Page 6, of the same document, line 28, the charge should had been 2nd dgree assault. But Danny Sligar is Dittman's pet.

19. Page 7, of the same document, line 34, I am not near the police station. For Instance, in going to the VA Medical Center in Newington, CT, the police officer left his post at New London High School to follow me the Waterford borderline. The officer made a left u-turn in the cemetery to go back to his post.

20. Document date June 1, 2004, Notice to pro se litigant opposing motion for Summary judgment…rule of civil procdure (56(b), Exhibit C will be I introduced To show plaintiff's version of the facts and notarized. The witness is Norma Sligar.

21. I am reading the rules carefully as suggested by the defendants.

Opposing defendants' motion for summary judgment dated June 1, 2004

1. Page one I oppose the defendants argument for summary judgment in the defendants favor. Pursuant to Rule 56 of the F.R.C.P., Plaintiff Marczeski hereby move this Court to enter judgment in her favor as there Exists real genuine issue as to material facts and the plaintiff is entitled as a matter of law. The standard for granting summary judgment is well-known. It is properly Granted when the trial court determines "that there are "real" genuine issues as To any material fact and that the moving party is entitled to a judgment as matter of Law. Summary judgment is a "wholesome," "useful," or "salutary" procedural Device by which needless trials may be avoided. Quinn v. Syracuse Model Neighborhood Corp., 613 F.2n 438 (1980, CA2NY). The purpose of summary

Judgment is to achieve a quick resolution of a dispute when there is no necessity for a trial. (I will accept a trial if that occurs). The Court is required to accept as true all factual allegation of the complaint and must draw all reasonable inferences in favor of the plaintiff. Hernandez v. Coughlin, 18 F.3d 133, 136 (3d Cir.), cert. denied, 513 U.S. 836 (1994). The Court notes that this standard is "applied with even greater force where the plaintiff alleges civil rights violations or where the complaint is submitted pro se." When considering the sufficiency of the allegation in a pro se complant, the Court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972; see aso Branham b Meachum, 77 F.3d 626, 628-29 (2d Cir. 1972). Furthermore, the Court should interpret the Plaintiff'f complaint "to raise the strongest arguments [it] suggest [s]. Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

WHEREFORE for the foregoing reasons, the plaintiff respectfully request that enter Summary Judgment on plaintiff's claim in favor of the plaintiff.

Defendants memorandum dated June 1, 2004 of law in support of defendants' Motion for summary judgment

1. Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56(c), the plaintiff respectfully move for summary judgment that the defendants did violate her First Amendment Rights by harassing and retaliation for petitioning the Court to redress my grievance which is my 1st amendment right. The plaintiff

does have evidence (Calendar Exhibit) and sworn notarized testimony by Norma Sligar that the defendants did harass me by following me all over town and continues to treat me as a mentally ill person and will not protect and serve as required by law.

Defendants Undisputed Facts

1. Paragraph 2, I was falsely sent to CVH by misconduct of the defendants. See Exhibit A.

2. As to some conspiracy that may or may not be true regarding the defendants, a person lives above me and his name is Amol Jain. He states he met Dittman in a bar in Groton (Sneakers) and asked Jain to do a job that was created by the defendants own counsel Tallberg. Dittman asked Jain to wire tap my police, he got (by request of the defendants) electronic equipment a EB (Electric Boat where Jain is employed) to survey me while at home. My phone is tap by Jain. He can see everything I do. He stole my SSA# (identity), recorded all my conversations on tap, he is stealing from my direct-tv to watch televison, he has a zapper to ruin my television, computer, or anything with batteries. He can get the telephone numbers from my cell phone when I try to make a private cal. He knows how much money I have in the bank when I call to hear my balance since my phone is tapped. Jain states that Dittman, Gavitt, Rhinheart (Chief), Detective Brown, and Tallberg did this to me so I would not complete or finish my opposing argument regarding the defendants motion for summary judgment. Jain harasses me that I can not sleep as he stays up all night to keep me awake. Dittman told Jain to harass me so I will appear mentally ill and be sent to CVH again and I would not be able to oppose the

defendants argument for summary judgment. Whether is be true or not, Jain continues to state Dittman asked him to do this to me for a mere $200. Jain needed the money. Jain states Dittman asked EB for the electronic equipment and it was loaned out which to prove this there must be a paper trail. Jain now states he stole the equipment but he did this for Dittman, Gavitt, Brown, Rhinehert, and Tallberg. Jain also states that Dittman has an insurance check made out to me for $400,000 and is locked up at the police station pending the verdict of who wins the summary judgment. Jain has done an excellent job for the defendants and others. I am worn out and the department of mental health has been at my house now three times. I asked the police to arrest Jain for harassment but the police returned with a social worker from the department of mental health and addiction. I am lucky to sleep 2 hours per day due the harassment by Jain via the defendants.

3. Page 4 of the same document, Dittman and Gavitt had other officers follow me around town per there orders.

4. Page 6 if the same document, I am not happy with the out come of Danny Sligar Only getting 30 days for strangling me. He could have killed me. As for Laura Charlton, I had already address that issue and the Danny Sligar issue,

5. Defendants Argument page 7 of the same document

5. A motion for summary judgment should be granted if the Court determines that There are REAL genuine issue of material fact to be tried and that the facts as to Which there is such issue warrant judgment for the plaintiff as a matter of law. The Court is required to accept as true all factual allegations of the complaint and must

Draw all reasonable inferences in favor of the plaintiff. Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir.), cert. denied, 513 U.S. 836 (1994). The Court notes that this standard is "applied with even greater force where the plaintiff alleges civil rights violations or where the complaint is submitted pro se." When considering the sufficiency of the allegations in a pro se complaint, the Court applies "less stringent standards than [those applied to] formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Branham v. Meachum, 77 F.3d 626, 628-29 (2d Cir. 1996). Futhermore, the Court should interpret the plaintiff's complaint "to raise the strongest argument [it] sugest[s]. Burgos v. Hopkins, 14 F3d 787, 790 (2d Cir. 1994).

   6. Page 7 of the same document where the defendants argument is that I have no evidence is not true. I consider my calendars and sworn testimony verifying that the events are true as Norma Sligar witnessed the police harassment of me.

   7. Page 8 of the same document, the calendars clearly shows that the police continue to trespass on private property and their failure to protect and serve. In looking at the defendants log of police activity at or around my residence, note that the police come onto the property to pass out tickets. I believe the police gave a girl a parking ticket who parked in the handicap parking space. The lot is private property.

   8. Page 10 of the same document, first paragraph, again, I have calendars showing the police parking and doing paper work and always behind my

truck .

9. Page 10 of the same document, last paragraph, I want Laura Charlton arrested but the police were not going to arrest her. Instead, Officer Velez stayed after the other 7 officers left and had sex with the other intoxicated girl.

10. Page 11 of the same document, first paragraph, I do not live near the police station. I live closer to the beach.

11. The defendants did violate my 1st amendment rights and calendars are where I logged the activities of the police harassing me via per order of Gavitt and Dittman. The defendant argument that they are entitled to qualified immunity

1. I still argue that the defendants violated my 1st amendment rights by wanting me arrested for having a U.S. Marshal serving them the civil action. In being served, the police retaliated against me for my right to petition the Court to redress my grievance.

2. The police are NOT entitled to qualified immunity, as they lack proper training. They do make police policy, the City Council makes policy as well as Chief Rhinehert and City Manager Richard Brown who manages the police department.

3. In citing that the police are not entitled to qualified immunity, Johnson V Jones, 1155, Ct 2151 (1995) [94-455]; also Mitchell v. Forsyth, 472 U.S. 511 (1995). Jones is important law enforcement employees because it clarifies that interlocutory appeals if denial is based on a fact related dispute concerning the sufficiency of evidence. Appeal for immunity denied. Johnson v. Jones, 515 U.S. 304 (1995) quote "On it face, The district court's holding that the officers had fail[ed] to satisfy their burden of Showing no genuine issues of material fact exist.

4. Molitar v. Kaneland Community Unit District, 1959, finds units of local

Government were no longer immune under agency theory.

5. In stating a claim for a violation of a constitutional right that was clearly Established when the defendant acted. Bisbee v Bey, 39 F.3d 1096 11001 (10th Cir. 1994). This means the plaintiff must establish that [t]he contours of the right [are] sufficiently clear, that a reasonable official would understand and that what he is doing violates that right 640 (1987). If the plaintiff satisfies this burden, then in order to be entitled to summary judgment, the defendants must show that "no material issues of fact remain as to whether the defendants actions were objectly reasonable in light of the law and the information the the defendant possessed at the time of his actions. Hollingsworth v. Hill, 110 F.3d 738 (10th Cir. 1997).

6. Swint b. Chamber County, 115 S. CT 1203 (1995), the Supreme Court reasoned that the county's assertion that the sheriff is not a policy maker, thus, does not rank as an immunity from suit. "Qualified immunity is 'an immunity from suit rather than a mere defense to liability and like absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial. This case is significant to law enforcement because it clarifies that entities of local government sued under Section 1983 for alleged unconstitutional right to be free from trial by being able to miimdiatel appeal a denial of summary judgment motion.

7. I apologize to the Court as I could not use my computer at home due to Jain harassing me per orders of Dittman, Gavitt, Brown, Chief Rhinehert,

and supposedly Tallberg who formed and approved to have this conspiracy to harass me, tap my phone, steal my identity. And as I stated I do not whether this is true or not (conspiracy by the above mentioned). I am not use to using the libraries computer and I am use to MS works. I apologize as to the format of this Motion to Oppose the defendants motion for summary judgment.

WHEREFORE, I request that the summary judgment be granted in favor of the plaintiff.

*Elizabeth* 6/28/04
ELIZABETH MARCZESKI
206 B Nautilus Dr. #104
New London, CT 06320
(860) 440-3541

CERTIFICATION

A copy of the foregoing has been mailed first class mail, postage prepaid, this 1st day June 2004 to:

James Tallberg, esq.
Updike, Kelly & Spellacy, P.C.
One State Street
Hartford, CT 06123-1277

Ralph Monaco
Londregan and Conway
38 Huntington St.
New London, C^ 06320

*[Signature]* 6/28/04
Elizabeth Marczeski
206 B Nautilus Dr
#104
New London, CT
06320
(860) 440-3541